Fifield v. Gaston.

## FIFIELD V. GASTON.

1. **PREPONDERANCE OF EVIDENCE.** When every material allegation of a petition is denied by the answer, such denial can be overcome only by a preponderance of evidence.

2. **BURDEN OF PROOF.** A deed of conveyance *prima facie* vests the legal title in the grantee; and the burden of the proof is upon the party who attacks such title.

3. **SAME: MORTGAGES.** An admission that a deed absolute on its face was in fact a mortgage only, does not change the burden of proof as to the good faith of the transaction.

4. **ABSOLUTE DEED: DECREE.** A court of equity may decree the sale of property conveyed by an absolute deed for the security of a debt, and order the application of the proceeds arising therefrom to the satisfaction of the debt thus secured, and the balance remaining thereafter to the satisfaction of other incumbrancers.

5. **FRAUDULENT PURPOSES.** A fraudulent purpose on the part of the grantor is not sufficient to invalidate a conveyance of real estate. A like intention must be traced to the grantee.

6. **WHO MAY TAKE ADVANTAGE OF FRAUD.** As a rule, it is prior and not subsequent creditors who can take advantage of the fraudulent purposes of parties in the conveyance of real estate belonging to the debtor.

7. **SAME: WEIGHT OF EVIDENCE.** When a deed *prima facie* vests the legal title in a grantee, it should be divested only upon testimony which is clear, distinct and satisfactory.

8. **SAME: ADMISSIONS.** Testimony based alone upon what a party should have said, made up of loose and random conversations, is weak and unsatisfactory, and should be received with great caution.

*Appeal from Mahaska District Court.*

THURSDAY, OCTOBER 17.

IN CHANCERY. Complainant represents that he is a judgment creditor of one Mark G. Fifield, and that a certain deed from the said Mark G. to his co-respondent Gaston, was made to hinder and delay creditors. The prayer is, that this deed be set aside, and the land conveyed declared subject to complainant's judgment. Mark G. fails to answer, Gaston answered, denying all fraud, all intention to hinder and delay creditors, denying that complainant was a creditor of

Mark G., averring collusion between them to cheat and defraud him, setting up that while the deed was absolute on its face, yet it was in fact intended as a mortgage to secure him in an amount owing by Mark G. to him, and for work and labor, to be done after its execution. To this, there was a general replication. The cause was heard on the pleadings, depositons and agreed facts; a decree entered in accordance with the prayer of the bill, and respondent, Gaston, appeals.

*Seevers* and *Fisher* for the appellant.

*Rice, Myers* and *Rice* for the appellee.

Wright, J.—Counsel differ but little if any, as to the legal principles which must govern the decision of this case. It is admitted that if complainant was a *bona fide* creditor of Mark G. at the time the conveyance was made to Gaston, and the said conveyance was made and received for the purpose of hindering and delaying creditors, then the same is void and the property subject to the payment of complainant's debt. The material inquiries are, whether complainant has shown himself to be such creditor, and whether the conveyance was made and received with such fraudulent intention. After a thorough examination of the testimony we are brought to the conclusion that the evidence fails to sustain the averments of the bill and as a consequence that the decree below should be reversed. We shall do no more than state generally the grounds upon which we arrive at this conclusion.

1. Every material averment of the bill being denied, it was the duty of the complainant to overcome the same, by a preponderance of evidence.

2. *Prima facie*, the deed to respondent, Gaston vests in him the title, and if complainant would divest the same, he should not leave the question of fraud, or any other material

to sustain his side of the issue in doubt or uncertainty. The burden of proof is emphatically upon him, and unless he successfully attacks the conveyance, the same must stand and be held good as against creditors.

3. That Gaston admits in his answer, that said deed, as between the parties to it, was intended as a mortgage to secure the payment of a debt accrued and to accrue, does not change the burden of proof, so far as the question of good faith is concerned. He having denied that the said conveyance was made with the intention of hindering and delaying creditors, before the same could be set aside, this intention must be shown; and he need not show, in the first instance the true and actual consideration.

4. If the deed was made for the purpose of thus securing Gaston, and was intended as a mortgage, then it will be so treated; and the decree of the court should be so framed as to subject the property to the payment of his debt, and then that of complainant.

5. As a rule, it is *prior* and not *subsequent* creditors, who are protected and can take advantage of the fraudulent purpose of the parties, in making the conveyance. *Whitescarver* v. *Bonney*, 9 Iowa 480.

6. A fraudulent purpose on the part of the grantor is not sufficient. A like intention must be traced to the grantee, and unless shown, the conveyance will be upheld. *Adams* v. *Foley*, 4 Iowa 54; *Miller* v. *Bryan*, 3 Ib. 58.

7. Where a deed is *prima facie* correct, and vests the title in the grantee, the creditor who attacks it, should not leave the court to act upon conjectures, nor upon proofs loose and indeterminate in their character. The legal title should not be divested except upon testimony which is clear, distinct and satisfactory. Hill on Trustees 94 *et seq.*; *Noel* v. *Noel*, 1 Iowa 423; *Williamson* v. *Same*, 4 Ib. 279.

8. Testimony based alone upon what a party should have said, made up of loose and random conversations, is weak

and unsatisfactory and should be received with great caution.

Guided by these principles, we do not see how this decree can be sustained. All the *acts* done, and *facts* proved, outside of those claimed from conversations had with Gaston, and detailed by witness, are entirely consistent with the good faith of the transaction. These conversations are detailed by witnesses, one of whom is shown to be the enemy of defendant, another a relative of complainant, and none of them state any circumstances which would be likely peculiarly to impress the admissions made, the precise language used, upon their minds. On the contrary, defendant states in his answer that Mark G. was owing him a sum of money for work and labor done in, and about the mill located upon the land conveyed, and that the conveyance was made to secure this debt, and any work he might subsequently perform thereon. And the testimony abundantly shows that he did work at the mill, both before and after the execution of the deed. That he was ever paid for this, nowhere appears from the testimony.

Then again, he avers that complainant was not the creditor of the grantor at the time of the conveyance; that while the notes upon which the judgment was recovered may have been made before, yet they were payable to other parties and not assigned to complainant until after; that complainant and said Mark G. had combined to defraud respondents; and finally calls upon him to meet his answer as a cross bill, and to respond to the allegations therein contained. This response Mark G. fails to make. On the contrary it appears that he was active in the preparation of testimony to sustain complainant's cause. And then so far from its appearing that complainant was a creditor at the time of the conveyance, it is shown that he settled with Mark the fall prior to the making of this deed (which was made May 18th, 1857,) and prior also to the rendition of the judgment, (which was

March 26th, 1858,) and at the time of such settlement he was indebted to Mark. When he procured the notes is not proved. Upon this subject there is no testimony by complainant. It fairly appears that he did not have them until long after the deed was made, and after he had full knowedge of its existence.

Without enlarging we conclude that the testimony is not sufficient to justify the charge of fraud, and that the cause should be remanded, with instructions to take an account of the amount due Gaston, from Mark G. under the contract set up in the answer, upon the ascertainment of which the land conveyed should be ordered to be sold to meet the same, with interest and costs, and the balance of the proceeds of said sale, if any, applied to the satisfaction of complainant's judgment.

Reversed and remanded.