IN RE ASSIGNMENT of E. L. LEMERT v. J. H. McKIB-
BEN, Assignee.

Failure to Record Conveyance: Preferences: PLEADING RELIEF
SOUGHT. A bank takes a deed which is, in effect, a mortgage. It does not record it until three days before its debtor makes a general assignment. Before the deed is recorded, and in reliance that the debtor still owns the land deeded to the bank, C. loans said debtor money, without security. The debtor is and remains insolvent. *Held,* even if the rule, that a chattel mortgage which is kept off of the record by agreement is void against those who become creditors in ignorance of the chattel mortgage, be applicable, there is no proof that there was any such agreement made by the bank. The mere fact that the deed was not recorded will not enable C. to be paid out of the land deeded to the bank. If the deed to the bank were set aside, it would not give C. preference over the other general creditors. It would simply add the land to the common fund; and no such relief is prayed.

Practice in Supreme Court. Where a cause is tried below as being equitable, no errors need be assigned, on appeal.

*Appeal from Marshall District Court.*—HON. J. L. STEVENS, Judge.

WEDNESDAY, MAY 23, 1894.

*Binford & Snelling* for appellants.

*O. Caswell, J. F. Meeker,* and *O. L. Binford* for appellees.

KINNE, J.—I.   November 24, 1891, E. L. Lemert filed in the recorder's office of Marshall county, Iowa, an assignment for the benefit of creditors to J..H. McKibben, assignee. The assignment was in due form, and contained a list of creditors, and the amount of their respective claims. December 5, 1891, said assignee filed an inventory and valuation of said estate, showing real estate of the value of thirteen thousand, three hundred dollars, which was incumbered in the

sum of six thousand, three hundred dollars; live stock, valued at two thousand, seven hundred and seventy-one dollars; other personal property, two thousand, five hundred and nine dollars; notes and accounts, one thousand, three hundred and sixty-seven dollars; making a total of assets of thirteen thousand, six hundred and forty-seven dollars and nine cents. A list of creditors shows the total indebtedness to have been fifty-two thousand, three hundred and eighteen dollars. February 10, 1892, the Marshalltown State Bank filed its claim with the assignee for eleven thousand, two hundred and thirteen dollars and interest, ten thousand, two hundred and thirteen dollars of which was shown to be secured by a warranty deed executed by Lemert and wife on certain land in Marshall county, which included the homestead of said Lemert. One thousand dollars of said debt was a note given for capital stock of the bank, which stock was held by the bank for the payment of the note. The bank asked that its claim be allowed as a secured claim. At the time of taking the deed, the bank and Lemert entered into the following agreement: "That whereas, said second party [Lemert] is indebted to said first party for money loaned and to be loaned, as evidenced by notes executed by said second party to said first party, or to be executed; and whereas, said second party has executed his warranty deed conveying [certain lands subject to certain mortgages] as collateral security for the notes aforesaid, executed or to be executed by the said second party: Now said first party [bank] agrees to hold said title deed to said premises as collateral security for said loans, and surrender the same upon payment thereof." In an amendment to its claim, the bank averred that the stock was held as security not only for the stock, but for any and all indebtedness by Lemert to the bank. February 5, 1892, Collins, appellant, filed his claim with the assignee for one thousand

dollars, with interest thereon at eight per cent from September 8, 1891. Afterward Collins filed exceptions to the bank's claim, and asked certain affirmative relief, in substance as follow: That the assignee be directed to pay the Collins claim; that, before making the loan to Lemert, he examined the records, to ascertain what real estate Lemert owned, and discovered that he was the owner of northeast quarter and east half of north-west quarter and northeast quarter of southeast quarter of section 31, township 85 north, range 18, in Marshall county, Iowa, incumbered for five thousand, five hundred dollars; that he relied upon the fact that Lemert was in possession of the land, and that the record showed him to be the owner of it, and believed it worth several thousand dollars more than the incumbrance; whereupon he loaned Lemert the one thousand dollars, and took his note, being the claim he has filed against said estate. Avers that said bank secretly, and with the intention of cheating and defrauding Lemert's creditors, accepted the deed before mentioned for all the real estate before described, and executed the agreement (heretofore set out) for the purpose of giving said Lemert a false standing and credit, and agreed with Lemert not to place the deed on record, and purposely withheld it from record, and kept its existence from the knowledge of the public and Collins, for the purpose of giving said Lemert a false standing financially, until November 21, 1891, when the same was filed for record. That Lemert made a general assignment for the benefit of his creditors on November 24, 1891, and said bank filed its claim. That the claims filed and allowed amount to forty thousand dollars, exclusive of the bank's claim; and the assets of said estate, exclusive of those held by said bank, are such that the estate will not pay more than twenty cents on the dollar on the unsecured claims. That at the time he loaned the money to Lemert and took said note, he had no knowl-

edge, actual or constructive, that the bank held any claim against said land, or of the existence of said deed; and, if he had, he would not have made said loan. That the indebtedness held by the bank is also secured by J. H. McKibben. That Lemert was insolvent when he obtained the loan from petitioner, and ever since has been in such condition. That the deed from Lemert to the bank is fraudulent and void as to petitioner's claim. He prays that the assignee be directed to pay his claim from the proceeds of said land in full. McKibben, answering the exception of Collins, admits the filing of the Collins claim, admits the conveyance to the bank, and the agreement between it and Lemert; admits the making of the assignment and the filing of the bank's claim; aver that he was and is surety on said Lemert's notes to the bank; says the homestead which was worth three thousand dollars, was embraced in said deed, and it was not liable to Collins' claim; that the deed was given in good faith, and no agreement was made to withhold it from record; asks that the bank's claim be established as a secured claim.

The bank answers Collins' exceptions and petition, admitting that Collins has filed his claim, and the execution of the deed and agreement; that McKibben is surety on the notes it holds against Lemert; that Lemert made the assignment; and that the bank has filed its claim with the assignee; denies all other allegations in the petition; expressly denies that there was any agreement to withhold the deed from record; that the bank, when said deed was given, and prior thereto, had no knowledge of Lemert's insolvency, or that he was indebted to Collins; that the deed was given in good faith to secure the bank's claim; sets out the incumbrance on the land, and the fact that it embraced Lemert's homestead, and that it was not liable to the Collins claim; and asks that its claim be established as a secured claim. Collins answers McKibben's petition

of intervention, in substance, denying same, and averring that the homestead was sold on a foreclosure of said deed to the bank for twenty-eight hundred dollars, and it has applied said sum on its claim against Lemert. Collins further avers the rendition of judgment on his claim. The court found for the bank, overruled Collins' exceptions, and denied the relief he asked. He appeals.

II. Appellee insists that the cause is triable only in this court on errors assigned; that it is a special proceeding. We do not think it necessary to decide this question, as the cause, as we view the record, was tried below as an equitable action, and so treated by all of the parties. It will be so determined here.

III. It is contended that the bank kept the deed from record by virtue of an agreement or arrangement with Lemert, and that Collins was prejudiced by reason of the failure of the bank to record it. We have read the evidence carefully, and are clear that it fails to show that the deed was withheld from record by virtue of any agreement or arrangement whatever. It is said that the provision in the contract for the surrender of the deed upon the payment of the debt indicates that neither party expected it would be recorded. We do not think it bears any such construction. The provision for the surrender of the deed in payment of the debt could in no way operate to prevent the recording of the instrument, nor should it be construed into an agreement not to record it. It may be that the bank did not intend to place the deed upon record, unless it appeared to be necessary so to do in furtherance of its interests; but no fact is shown from which it can be said that the failure of the bank to record the deed until about the time of the execution of the assignment was due to any agreement or arrangement with Lemert. Cases are cited by appellant

wherein it has been held that the mere withholding of a chattel mortgage from record, and in the absence of any agreement so to do, will avoid the mortgage as to those who, without knowledge of it, became creditors of the mortgagor after its execution, and prior to its being recorded. We need not consider them. The rule in this state may be treated as settled that, while the withholding of a chattel mortgage from record by virtue of an agreement to that effect with the mortgagor will render it void as to creditors of the mortgagor who have become such after it was made, and prior to the time of its record, without knowledge of its existence, still the mere fact of withholding such a mortgage from record will not, of itself, render it void as to those who become creditors of the mortgagor after its execution and prior to the time it is filed for record. *Goll & Frank Co. v. Miller,* 87 Iowa, 426, 54 N. W. Rep. 443; *Mull v. Dooley,* 89 Iowa, 312, 56 N. W. Rep. 513; *Falker v. Linehan,* 88 Iowa, 641, 55 N. W. Rep. 503; *Liddle v. Allen,* 90 Iowa, 738, 57 N. W. Rep. 605. We are not to be understood as determining that even the rule contended for or announced as applying to chattel mortgages is applicable to a case relating to real estate. That question we do not determine, as, if applicable, we hold that the facts in this record do not bring the case within the rule.

IV. Appellants say: "The only question involved in this controversy is whether appellant Collins is entitled to have his claim paid in full from the proceeds of the land deeded to the bank, or shall the bank take all the proceeds of said land, and apply it on its claim as a secured claim, and Collins come in as a general creditor?" In other words, the issue is as to whether Collins is entitled to have his claim made a preferred claim to all other creditors of the assignor. That is the only relief asked in his petition, except that he be paid out of the funds realized from the sale of

lands held by the bank. On what theory is Collins entitled to have his claim made a preferred claim? It is apparent that, in any event, the assets of the estate will pay but a small per cent on the indebtedness. Collins had no lien upon the property when the assignment was made, either legal or equitable. He certainly can not now be placed in that respect in a better position than he was when the assignee took title to the assignor's property. Collins filed his claim as an unsecured one against the estate on February 5, 1892. He did not then show any facts entitling him to a preference over other general creditors of the assignor. As we have indicated, even if the rules applicable to chattel mortgages can be applied to a case touching real estate, still it is not being shown that the deed was kept from record in pursuance of any agreement. Collins can not complain that by it the bank is made a preferred creditor to the extent of its security. Take another view of the case and assume for argument's sake that the deed to the bank is fraudulent, then what relief would Collins be entitled to? Not being a preferred creditor, how can he, in this kind of a case, be paid in full, to the detriment of other general creditors? It would seem that, under such circumstances, all that could be done would be to put the land (except the homestead) or its proceeds into the general fund of the estate, and let all general creditors, including Collins, receive their *pro rata* share of such fund after the costs and expenses were paid. No such relief, however, is sought. We conclude that Collins has not shown himself entitled to the relief asked, and that no such facts are shown as warrant us in holding that the bank can not avail itself of the property described in the deed in satisfaction of its claim against Lemert so far as the same will go. We think the decree of the district court was right, and it is AFFIRMED.