C. L. WARD, Cashier, Appellee, v. C. J. PARKER, Appellant.

Chattel mortgage: WITHHOLDING FROM RECORD: FRAUD. The fact
1  that a chattel mortgage is withheld from record for a time
   will not render it void, where there is no showing that it was
   fraudulently withheld by an agreement of the parties thereto.

Agreement for sale. The absence of an express agreement that
2  the proceeds arising from the sale of a mortgaged stock of
   goods should be applied on the mortgage debt, will not in-
   validate the instrument where the same provided that the
   mortgagor should retain the possession and sell therefrom
   at retail, with an oral agreement that the stock should be
   kept up.

Value of mortgaged property: FRAUD. The fact that a mortgage
3  covers a stock of goods exceeding in value the amount of the
   debt does not affect its validity, where there is no showing
   that the same was given to defraud creditors.

Estoppel. A mortgagee is not estopped to rely on his mortgage
4  as against creditors of the mortgagor, who fail to show that
   credit was extended to him on the strength of his unencum-
   bered ownership of the property, or that the mortgage is void
   for any reason.

*Appeal from Buena Vista District Court.*— HON. W. B.
QUARTON, Judge.

THURSDAY, APRIL 6, 1905.

ACTION for the conversion of certain personal prop-
erty. Defendant is the sheriff of Buena Vista county, who
sold the property in question under an execution issued
on a judgment against one Ellis, who originally owned
the property. Plaintiff Ward, as cashier, bases his right
of recovery upon a chattel mortgage on the property made
to him as such cashier by Ellis, the then owner. Defendant
pleaded that plaintiff's mortgage was and is fraudulent
both in law and in fact, and that plaintiff is estopped from

relying thereon. On these issues the case was transferred to the equity docket, and tried to the court, resulting in a judgment for the plaintiff, and defendant appeals.— *Affirmed.*

*J. A. Tracy,* for appellant.

*F. F. Faville* and *A. A. Brown,* for appellee.

DEEMER, J.— I. The mortgage under which plaintiff claims was executed October 11, 1901, but it was not filed for record until December 1, 1902. It provided that the mortgagor, Ellis, might continue in the possession of the property, which was a stock of merchandise, and sell the same at retail, and there was an oral agreement between the parties that the stock should be kept up. There was no agreement, either oral or written, for the application of the proceeds of sales to the mortgage indebtedness. The plaintiffs in execution, under which writ the defendant sold the property, had actual notice of plaintiff's mortgage for many weeks before the levy upon the mortgaged property. Under these conceded facts plaintiff was and is entitled to judgment unless defendant has established the fraud pleaded by him. His exact claims in this respect are: First, that the mortgage is void because withheld from record by the mortgagee; second, because of the agreement allowing the mortgagor to remain in possession of and to sell the goods covered by the mortgage without accounting to the mortgagee; third, because it covers all of the mortgagor's property, and all that he should thereafter acquire, and largely exceeded in value the amount of the indebtedness which it was intended to secure; and, fourth, because it was made with intent to hinder, delay, and defraud the mortgagor's creditors. An estoppel due to plaintiff's conduct with reference to the mortgage, and to the property covered thereby is also relied upon.

The mortgage was withheld from record for about fourteen months; but this alone, under our decisions, did not make it fraudulent. *In re Lemert,* 91 Iowa, 345, *In re Bloomfield Mills,* 101 Iowa, 191, and cases cited. There is no showing in the record of any agreement between the parties that the mortgage here involved should be withheld from record; hence there was no fraud by reason of failure to record.

1. CHATTEL MORTGAGES: witholding from record.

II. The instrument gave the mortgagor the right to retain possession of the mortgaged property, and to sell the same at retail; and there was an oral agreement between mortgagor and mortgagee that the stock should be kept up. There was, it is true, no express agreement that the proceeds of the sales should be applied upon the mortgage indebtedness, but this did not make the mortgage invalid. *Meyers v. Evans,* 66 Iowa, 179.

2. AGREEMENTS FOR SALE.

III. The taking of a mortgage upon property worth much more than the amount of the debt secured does not of itself render the mortgage void. If this were so, most mortgages might be defeated. Of course, if the mortgagor is insolvent, and such a mortgage is made with intent to hinder, delay, or defraud his creditors, the mortgage is fraudulent in fact. But no such showing is made in this case. There is no evidence that the mortgagor was insolvent when the mortgage was executed, or that plaintiff even thought or believed him to be. Indeed, if he had so thought, this might have furnished a very good reason for taking the security; and he had a right to do it, unless by that act he intended to hinder, delay, or defraud other creditors in the collection of their claims. In fact, the mortgagor was not then insolvent, and there is no evidence of any actual fraud in the case.

3. VALUE OF MORTGAGED PROPERTY: fraud.

IV. The only point, if there be one in the case, is the question of estoppel. As to this, conceding, arguendo,

that there may be an estoppel in the absence of an agreement between the parties that the mortgage 4. ESTOPPEL. shall be withheld from record, yet there is no evidence in this record that any of the creditors sold goods to Ellis relying upon his being the owner of the stock of goods covered by the mortgage, in the belief that the same was unincumbered. True, they, or some of them, say that they knew nothing of plaintiff's mortgage, and would not have sold the goods if they had known of it; but this is not in itself sufficient to create an estoppel. Of course, they had no constructive notice of plaintiff's mortgage, because it was not recorded at the time they sold their goods; and it is not sufficient for them to show that they had no actual notice thereof. In any event, they must show that they extended credit on the strength of Ellis' ownership of the property unincumbered. This they did not do. There was no agreement, either express or implied, to withhold the mortgage from record, and no such showing as would constitute an estoppel on plaintiff. *In re Lemert, supra; Everingham v. Harris,* 99 Iowa, 455; *Goll v. Miller,* 87 Iowa, 426.

The decree is right, and it is *affirmed.*