MABEL ATKINSON, Appellant, v. C. H. McNIDER, et al., Appellees.

**Fraudulent conveyances:** INTENT OF GRANTEE. To cancel a deed
1 on the ground that it was given to hinder and delay creditors, it must appear that the grantee participated with the grantor in the intent to perpetuate the fraud.

**Conveyance by insolvent:** FAILURE TO RECORD. An insolvent debtor
2 may convey his property in good faith payment of an honest debt, to the exclusion of the other creditors, and a pre-existing creditor who has taken no steps to enforce his claim until after the conveyance is recorded cannot complain that the same was withheld from record, even though failure to record was pursuant to an agreement.

3  **Evidence of Fraud.** In an action to set aside a conveyance as fraudulent, the evidence is held sufficient to show fraud.

*Appeal from Cerro Gordo District Court.*— HON. J. F. CLYDE, Judge.

SATURDAY, DECEMBER 16, 1905.

REHEARING DENIED MARCH 20, 1906.

ACTION in equity to set aside a conveyance of real estate as in fraud of creditors. There was a decree in favor of defendants, dismissing the petition, and for costs, and the plaintiff appeals.— *Affirmed.*

*Glass, McConologue & Witwer,* for appellant.

*Cliggitt, Rule & Keeler,* for appellees.

BISHOP, J.— Briefly stated, the facts out of which this controversy grows are these: On April 11, 1903, J. H. Atkinson, a tobacco dealer at Mason City, was indebted to the defendant the First National Bank of Mason City, of which bank the defendant McNider was president, in the sum of $3,500. The indebtedness was represented by an overdue note for $2,250, and an overdraft in the bank made up the balance. On that day a new note was taken in the name of McNider for the full amount of the indebtedness. As security for said note, there was executed and delivered by Atkinson to McNider a conveyance — in form a warranty deed — of the premises in question, which consists of an undivided interest in the bank building and lot occupied by the defendant bank in Mason City. The only testimony on the subject makes the value of said property less than the amount of the indebtedness as represented by the note so executed. The *bona fides* of the indebtedness is not questioned, and, in explanation of the fact that the note and deed was taken in his name, McNider testified that as be-

tween himself and the bank, and for reasons of his own, he had assumed the Atkinson indebtedness due to the bank. The deed was not put on record until November 13, 1903. It appears that prior to making of such note and deed Atkinson was indebted to plaintiff, his sister, on a note for $600. He also had in his hands $300 belonging to plaintiff, and the further sum of $300 belonging to another sister. These latter sums had come into his hands in some way as agent or trustee, and were proceeds of their mother's estate. On March 31, 1903, Atkinson gave to plaintiff a demand note for the aggregate of the several sums due her, and also gave a demand note to his other sister for the sum in his possession belonging to her. This latter note was subsequently assigned to plaintiff. On November 16, 1903, plaintiff obtained judgment on said notes by confession. In the meantime Atkinson had failed in business, and, being unable to collect her judgment by execution, plaintiff brought this action.

As already stated, counsel for appellant do not question the consideration for the deed. It is their contention that the same should be held void because made and received with the intent to defraud creditors. And the prayer of the petition is, in the alternative, for a decree setting aside the conveyance and the establishment of the lien of her judgment on the property, or, if this may not be done, that the interest of McNider as mortgagee be ascertained, and the property sold; the balance, if any remaining over, to be paid to her. The defendant asserts the *bona fides* of the transaction on his part, and, further, he asserts that about July, 1903, it was agreed between himself and Atkinson that the deed should be held to be an absolute conveyance of the property, and accordingly that the note of indebtedness from that time should be regarded as paid and canceled.

We need not stop to consider the relations between McNider and the defendant bank as to the Atkinson indebted-

ness. In view of the fact that the business was conducted by McNider, it can make no difference to plaintiff whether he was acting for himself or as trustee for the bank.

That plaintiff might recover, it was incumbent on her to prove, not only that J. H. Atkinson executed and delivered the deed to McNider with intent to hinder, delay,

1. FRAUDULENT CONVEYANCES: intent of grantee.

and defraud his creditors, but it must have been made to appear that the defendant participated in such intent. This rule is elementary. Wait on Fr. Conveyances, 353; 14 Am. & Eng. Ency. 266.

As to Atkinson, plaintiff relies upon the fact of his known insolvency, and that he was a party to the withholding the deed from record, and keeping secret the fact of

2. CONVEYANCE BY INSOLVENT: failure to record.

the existence thereof. Such facts, if proven, are insufficient to establish the allegation as made by her. An insolvent debtor has a right to turn over his property in good-faith payment of an honest debt; and this, although other creditors are hindered or delayed in the collection of their debts as a result thereof. Wait on Fr. Conveyances, p. 27; 14 Am. & Eng. Ency. 295. As already stated, plaintiff was a pre-existing creditor, and there is no proof that she changed her position in any way from the time the indebtedness to her and to her sister was put into notes on March 31st until she took confession of judgment in November. Under such circumstances she cannot assail the validity of the deed because not sooner recorded, and this would be true, even though the failure to record was pursuant to an agreement to that effect. *Garner v. Fry,* 104 Iowa, 515. But here there was no proof of an agreement to the effect that the deed should be withheld from record. As shown by the record, all that was said upon the subject at best was that, as testified to by him, Atkinson asked McNider at the time of execution if it was necessary to record; and the latter replied that it was not

necessary.   McNider declares that nothing was said upon the subject.

As to defendants, there is nothing in the record to show that McNider knew of any other indebtedness on the part of Atkinson at the time he took the deed.   He explains his conduct in withholding the deed from record by saying that he was trying to buy the undivided interests of other owners, and did not want them to be advised of the deal between himself and Atkinson.   Now, had he known of the insolvency of Atkinson, it would have been a good reason for his taking security, rather than a circumstance forbidding him to do so.   *Ward v. Parker,* 128 Iowa, 124.   And the mere fact of his failure to record could not be taken advantage of, except by some creditor who had changed position or extended credit on the strength of Atkinson's ownership of the property.   *Mull v. Dooley,* 89 Iowa, 312; *Lemert v. McKibben,* 91 Iowa, 345; *Ward v. Parker, supra.*   It is the evidence of both Atkinson and McNider that before record was made it was agreed the deed should be regarded as an absolute conveyance, and this no witness disputes.

8. EVIDENCE OF FRAUD.

We conclude that plaintiff has not sustained the burden assumed by her of showing the conveyance fraudulent as to her.   If we should concede, as contended for in argument by her counsel, that the transaction was unusual, or that inherently it was open to suspicion, such would not be sufficient.   Suspicion is not enough.   Fraud must be proven. *Smith v. Hall,* 126 Iowa, 627; *Clark v. Ford,* 126 Iowa, 460.

The decree meets with our approval, and it is *affirmed.*