O. A. TENOLD, Appellant, v. JOHN L. KLIMESH, ROSINA
   KLIMESH, HELEN KLIMESH and LOUISA KLIMESH, Appel-
   lees.

**Fraudulent conveyances:** KNOWLEDGE OF GRANTEE. Fraud of the
1  grantor alone is not sufficient to cancel a conveyance on that
   ground; it must also appear that the grantee had knowledge of the
   grantor's fraudulent intent, or of facts which would put him on
   inquiry.

**Same:** MORTGAGES: FORECLOSURE: PRIOR CONVEYANCE: ATTACK BY
2  MORTGAGEE. In this action a deed creating an estate for years in
   certain grantees and a life estate in others was recorded, and
   thereafter plaintiff accepted a note of the grantor and another
   in settlement of his claim, for which a new note of the grantor and
   wife was later substituted and secured by a mortgage purporting
   to cover the entire interest in the land so conveyed. *Held*, that the
   mortgagee in relying on his mortgage took, not according to its
   terms, but such interest in the premises as the grantor had, which
   he was presumed to know; and that he could not attack the deed
   as fraudulent in his action to foreclose the mortgage.

**Same:** SUBSEQUENT CREDITORS: RIGHT TO ATTACK. A conveyance of
3  property cannot be attacked as fraudulent by one holding a claim
   against the grantor which arose after the conveyance.

**Same:** BURDEN OF PROOF. One attacking a conveyance as fraudulent has
4  the burden of showing the amount of his claim which arose prior
   to the conveyance and was thus affected by the fraud, that his rights
   may be definitely determined.

*Appeal from Winneshiek District Court.*—HON. A. N.
                    HOBSON, Judge.

SATURDAY, JUNE 7, 1913.

PROCEEDING to foreclose a mortgage. From a decree in
favor of defendants, John L. Klimesh, Rosina Klimesh, Helen
Klimesh, and Louisa Klimesh, plaintiff appeals.—*Affirmed.*

*C. S. Boice*, for appellant.

*Reed & Pergler*, for appellees.

WITHROW, J.—I. In April, 1904, one Novak, by warranty deed conveyed the real estate in controvery to the defendant John L. Klimesh. On the same day said Klimesh executed and delivered to his mother an instrument conveying to her the use of said property during her lifetime, this latter instrument never having been recorded.

October 16, 1904, one Frank J. Klimesh, holder of the legal title to a saloon property in Spillville, for an expressed consideration of $1,000, conveyed it to John I. Klimesh. The property had previously been owned by John L. Klimesh, father of John I. Klimesh. He had been indebted to Frank J. Klimesh, and the conveyance by deed of John L. Klimesh had been by way of security for such indebtedness. Upon the conveyance to John I. Klimesh, a mortgage was given to the grantor for $1,400, claimed to represent indebtedness of the father for $400 and of the son John I. for $1,000; the conveyance having been made upon the direction of John L. Klimesh, and, as claimed, with the understanding that his son would, by proper instrument, make secure to John L., his wife, and their daughters the interest now claimed by them in the property in dispute. The saloon property is shown to exceed in value the amount of the mortgage on it. On the following day defendant John I. Klimesh executed a conveyance of the property conveyed to him by Novak to his father, to his mother, Rosina, and to his sisters, Helen and Rosina, granting to the father and mother a life estate, and to his sisters the right to use the premises during their minority. This instrument was filed for record on the day following its execution.

The evidence quite satisfactorily establishes that the consideration for the original conveyance from Novak to John I. Klimesh, $750, was paid by John Klimesh, grandfather of

John I., for the purpose of providing a home for the wife and family of his son, the father of John I. Klimesh, and that the instrument executed by John I. in favor of his mother was upon the direction of the grandfather and to effectuate his purpose. After the conveyance of the property to John I. Klimesh, he purchased materials from the plaintiff which were used in the construction of a dwelling house on the premises, such purchases covering a period from August 27, 1904, to January 20, 1905. A part of the materials, it will be noted, was furnished before the conveyance to the father, mother, and sisters of John I. Klimesh was recorded, which was October 18, 1904, and the remainder afterwards. After the materials had been furnished, the plaintiff demanded of John I. Klimesh a settlement of the account; and he, being unable to pay the same, gave to the plaintiff his note for the amount due, on which his grandfather, John Klimesh, was surety. This note was held by appellant, and for a time left in a bank for collection and was not paid. Afterwards John Klimesh, the grandfather, died, and upon investigation the plaintiff ascertained that he left no estate. Thereupon he demanded of John I. Klimesh that the indebtedness be secured, and two notes were given by Klimesh and his wife, covering the indebtedness, which amounted to $974.50. To secure such indebtedness a mortgage was executed by the makers of the notes upon the real estate in controversy, purporting to create a lien upon the full title to the property. This transaction occurred April 27, 1909. Payment not having been made when due, plaintiff (appellant) commenced proceedings upon the indebtedness and to foreclose the mortgage, making John L. Klimesh, Rosina Klimesh, and their daughters also defendants, averring that the conveyance to them was fraudulent as against him, and praying that their interests in the property be held subordinate to the claim under his mortgage. The trial court rendered judgment in favor of appellant against John I. Klimesh and wife for the amount of the indebtedness, and declared the judgment to be a lien upon the mortgaged premises, subject to the rights of

John L. and Rosina Klimesh, and of their daughters, Helen Klimesh and Louisa Klimesh, which were decreed to be as expressed in the deed of October 17, 1904, and holding such interests to be unaffected by the mortgage. It is from this finding and decree, denying a lien against the interest of the last named defendants, that the plaintiff appeals.

II. A study of the record fully warrants the conclusion that in his dealings with the appellant John I. Klimesh did not show the good faith which fair dealing requires. While

1. FRAUDULENT CONVEYANCES: knowledge of grantee.

it does not expressly appear that appellant sold the material upon the strength of Klimesh's apparent ownership of the property upon which the improvement was made, it is a fair inference that he did so in part, at least; and a failure by Klimesh to disclose the conveyance of the life interests was a legal fraud, if appellant in fact relied upon his title in selling the material. But that alone is not enough. To constitute a fraud in the transaction of the original conveyance to the mother, which was not recorded, and as to the later conveyance to her husband, herself and their daughter, it must be shown that they had knowledge of such fraudulent purpose, or of facts which would put them on inquiry. *Fifield v. Gaston,* 12 Iowa, 218; *Witham v. Blood,* 124 Iowa, 703; *Atkinson v. McNider,* 130 Iowa, 281.

The record quite satisfactorily shows that the purpose of the grandfather was to provide a home for the wife of his son, and for her daughters. The subsequent conveyance of the saloon property is important here as a circumstance, and perhaps as showing a part of the consideration moving to John I. Klimesh to make the second conveyance at a time when improvements were under way for which he was liable and for debts assumed by him. The evidence is undisputed that towards the improvements made upon the premises the mother contributed about $300. It also appears that neither she nor the others who were beneficiaries under the deed from her son had knowledge of any fraudulent purpose on his part, if there was such, and, in the absence of actual or construct-

ive knowledge the charge of fraud cannot be sustained as against them. There is in the record a failure to show actual knowledge by said defendants of the purpose which was fraudulent as to the appellant. Nor can we find in the record that proof of circumstances from which knowledge of fraud may be presumed as against them as leads us to that satisfactory conclusion required in such cases that they should be held as parties to it.

III. Our conclusion as to this question, and as to appellant's rights, is strengthened by other facts. As noted before, the appellant did not place legal reliance upon John I. Klimesh's ownership of the property, but accepted in settlement a note signed by Klimesh and his grandfather, which was given after the deed in question was filed for record. With such presumed knowledge, for four years or more he took no steps to attack the instrument, but on the contrary the mortgage in suit was taken. While purporting to cover the entire title, it affected only the interest which John I. Klimesh had in the premises, and this the appellant was bound to know, relying as he does, upon the mortgage as security for his indebtedness. See, in principle, *Smith v. Moore,* 112 Iowa, 60; *Hewitt v. Rankin,* 41 Iowa, 35, 42. A different question would be presented were appellant attacking the conveyance in original proceedings; but relying, as he does, upon his rights as mortgagee, we are led to the conclusion that he takes not according to its terms, but with the presumed knowledge of what was being conveyed to him as security for his debt.

2. SAME: mortgages: foreclosure: prior conveyance: attack by mortgagee.

IV. It has been heretofore noted that at least a part of the material upon which the original claim of plaintiff was founded was furnished after the conveyance from John I. Klimesh had been recorded. How much or what part of the claim was after that time has not been shown. That a fraudulent conveyance cannot be attacked by one holding subsequent claims ing the conveyance in original proceedings; but relying, as

3. SAME: subsequent creditors: right to attack.

is well settled. *Rollins v. Wagon Co.,* 80 Iowa, 380, 389, and cases there cited.

Were the evidence sufficient to establish fraud by the parties to the transaction, there would yet rest upon the appellant the burden of showing his right to assail it; and, 4. SAME: burden without considering the question as to of proof. whether his claim should be merged in judgment, and stating his right as broadly as may be, it would at least be his duty to show the amount of his claim which would be affected by the fraud, that his rights might be definitely determined. This he has not done. His suit is upon the notes, and not upon the account which was the original consideration, and his demand is that his judgment as an entirety be declared a lien upon the interest of the appellees.

We are satisfied with the decree of the trial court, and it is *Affirmed.*