URBAN S. BAXTER, Appellee, v. W. G. BAXTER et al., Appellees; HOWARD DEAL et al., Appellants.

**ACTIONS:** Form—Waiver. A defendant who, in an equitable action
1 for injunction, prays for equitable relief may not, after trial, question the jurisdiction of the court on the ground that plaintiff's action ought to have been at law,—to wit, replevin.

CHATTEL MORTGAGES: Recording—Withholding from Record—Effect. Creditors who seek to avoid a chattel mortgage because it has been withheld from record must show that such withholding was for the purpose of enabling the debtor to obtain credit. (See Book of Anno., Vol. I, Sec. 10015, Anno. 158 et seq.)

Headnote 1: 21 C. J. p. 171. Headnote 2: 11 C. J. p. 514.

*Appeal from Ida District Court.*—J. A. HENDERSON, Judge.

JANUARY 10, 1928.

Action to restrain defendant Howard Deal from interfering with receiver's possession of personal property held for the purpose of foreclosing a mortgage against said Howard Deal. Intervention by Majestic Manufacturing Company, Harper, McIntyre Company, Hibbard, Spencer, Bartlett & Company, and Lawrence Brothers was made, to obtain priority of claim on the proceeds. From a ruling granting the injunction and denying the preference appeal was taken.—*Affirmed.*

*Clark & Clark* and *Snell Bros.,* for Howard Deal, Majestic Manufacturing Company, and Harper, McIntyre Company, appellants.

*C. S. Macomber,* for Hibbard, Spencer, Bartlett & Company, appellant.

*Johnston & White,* for Lawrence Bros., appellant.

*M. M. White,* for appellees.

PER CURIAM.—A prerequisite for an understanding of the questions involved is a statement of the facts leading up to and forming the issues.

For many years, Baxter Brothers & Company, a copartnership, operated a private banking institution at Ida Grove. On the 19th day of January, 1925, that concern was declared insolvent, and a receiver appointed by the district court of Ida County. Appellee I. N. Shearer was named and qualified as such receiver. Before this time, however, on the 17th day of December, 1923, a certain business establishment consisting of Howard Deal, appellant herein, and Melvin Bright, customers

: of said financial organization,-to. secure. a-loan therefrom amounting ,to: $7,000, gave thereto a chattel mortgage covering a stock of implements and; hardware contained .in a retail store, which contract of incumbrance was not recorded, until the 17th day of .January, 1925.

Next in order of events were the sale and transfer of-the interest of said Bright to-the appellant Deal, subject to the indebtedness. : Then, March 13, 1925, an attempt was made. by appellant Deal. to sell a one-half interest in said personal property to Paul A. Karo, Jr., subject to compliance with the Bulk Sales Law. Rescission was made by Karo, because he feared future trouble from creditors. The receiver, on June 18, 1925, made application to the district court for authority to foreclose the mortgage through public or private sale, by taking possession of said personalty, with the understanding that he cancel and redeliver the said note to appellant Deal when the sale of said chattels was accomplished, regardless of the price obtained. Judicial order was entered accordingly on that day, and possession was taken by the receiver thereunder. Appellant Deal delivered the door keys to the receiver. Pending the location of a purchaser for this stock as part of the process of "foreclosure," the receiver employed appellant Deal as temporary custodian thereof, at a salary of $25 per week; and for a time, Karo was given a similar position.

Meanwhile, on September 30, 1925, the receiver commenced moving the goods and fixtures to another location, when appellant Deal intermeddled, and attempted to dispossess this court official; whereupon permission was sought from the district court to bring suit in equity for a temporary and permanent injunction restraining appellant Deal from interfering with such "possession," and the relief was granted on October 1st of that year. Consequently, the next day, petition for the injunctions was duly filed, and appellant Deal appeared in the cause, filing his answer, praying, among other things, for "possession" and general equitable relief. Interveners then filed their "petitions." Evidence was introduced, and trial had, culminating in a defeat for appellants.

I. Objection is urged against the jurisdiction of the trial court, on the theory that the main action should have been at law in replevin, rather than in equity. Under the facts and

circumstances here involved, we cannot sustain
appellants' contention in this regard. They ap-
peared, filed their separate pleadings, and went
to trial, with the prayer for "equitable relief," without
moving to transfer the cause. Section 10949 of the Code of
1924 provides:

1. ACTIONS: form: waiver.

"An error as to the kind of proceedings adopted in the
action is waived by a failure to move for its correction at the
time and in the manner prescribed in this chapter; and all
errors in the decisions of the court are waived unless excepted
to at the time * * *."

II. Moreover, this was not a contest on the part of the
receiver to obtain "possession" of the "property," but rather,
it was an effort by him to prevent appellant Deal from molest-
ing him in that already had. No other conclusion can result
from a fair reading of the record. Some conflict in the testi-
mony may appear; but the greater weight thereof, as well as
other surrounding facts and circumstances, preponderates in fa-
vor of the receiver's claim; and even the disputed statements
relate rather to what would amount to purported concessions
of the receiver made out of court, without previous authority or
subsequent confirmation. Such indicated compromises, even if
fully established, could not be binding. In *Sherman v. Linder-
son*, 204 Iowa 532, we said:

"* * * the receiver being an officer of the court, he had no
power to make a compromise and settlement of this character,
without either having an order of the court, in the first instance,
to make such settlement, or the approval of the court of the
settlement, after so made."

Therefore, the receiver had a right to continue the "fore-
closure" and retain "possession" for this purpose, in accord-
ance with the authority granted in the "mortgage" itself.

III. Special redress is sought by interveners on the theory
that the "mortgage" in question was held from record by Bax-
ter Brothers & Company for the purpose of defrauding credi-
tors, and that the sale items upon which their respective claims
are based were contracted without knowledge of this particular
lien.

If such withholding was under an arrangement to enable
the obtaining of credit by the debtor, those who became creditors

in ignorance thereof may avoid the transaction.   *Snouffer v. Kinley*, 96 Iowa 102. On the other hand, mere failure to record will not amount to fraud against subsequent "creditors." *In re Assignment of Lemert v. McKibben*, 91 Iowa 345; *In re Assignment of Bloomfield Woolen Mills*, 101 Iowa 181; *Groetzinger & Co. v. Wyman*, 105 Iowa 574. See, also, *Palo Sav. Bank v. Cameron*, 184 Iowa 183.

*2. CHATTEL MORTGAGES: recording: withholding from record: effect.*

So, in the case at bar, the instrument was not kept from the "record" because of any prior agreement, but rather for other reasons, foreign to the acquirement of "credit." True, there is a conflict in the "record" about this, but, after full and careful consideration, we agree with the district court that the scales balance in favor of appellees.

The judgment of the district court should be, and hereby is, affirmed.—*Affirmed.*