## PENNSYLVANIA RAILROAD COMPANY *v.* WABASH, ST. LOUIS AND PACIFIC RAILWAY COMPANY.

APPEAL FROM THE CIRCUIT COURT OF THE UNITED STATES FOR THE NORTHERN DISTRICT OF ILLINOIS.

No. 158. Argued and submitted January 18, 1895. — Decided March 4, 1895.

The Pennsylvania Company notified the Wabash Company that after a date named no ticket sold by that company would be recognized as entitling the holder to pass over the Pennsylvania road. The Wabash Company after that date sold a ticket for a passage over the Pennsylvania road. When the purchaser reached that road he offered his ticket to the conductor. The conductor refused to take it, and, when the holder of it

declined to pay his fare, caused him to be put off the train. *Held*, That the refusal to recognize the ticket was within the right of the Pennsylvania Company, and that that closed the matter, as between the two companies in respect of the unauthorized sale; but that the ejection from the train was done by the Pennsylvania Company on its own responsibility, and was not made legally necessary by any thing done by the Wabash Company which the Pennsylvania Company was bound to recognize or respect.

THE case is stated in the opinion.

*Mr. George Hoadly* for appellant.

*Mr. George Willard* for appellant submitted on his brief.

*Mr. Wells H. Blodgett* for appellee submitted on his brief.

MR. JUSTICE HARLAN delivered the opinion of the court.

On the 7th day of December, 1880, the Wabash, St. Louis and Pacific Railway Company, by its agent at Omaha, Nebraska, sold to one W. J. Connell a railroad coupon ticket purporting to be good to the holder for passage over certain railroads extending from Omaha to the city of New York — one of which was the road belonging to the Pennsylvania Railroad Company, and extending from Philadelphia to New York.

It is to be taken upon this record that the Wabash Company had no authority to sell a ticket entitling the holder to passage over the appellant's road between Philadelphia and New York. Indeed, the Wabash Company had notice that the Pennsylvania Company would not recognize any tickets sold by it.

In the course of his journey to the East, Connell took passage at Philadelphia on one of the appellant's trains for New York. Being asked by the conductor for his ticket, he presented the Philadelphia-New York coupon of the ticket purchased at Omaha. The conductor, in conformity with instructions from appellant, refused to accept that coupon in payment of fare. Connell refused to make payment otherwise than with the coupon so tendered by him, and, because

of such refusal, was ejected by appellant's conductor from the train, and left at a way-station.

Connell subsequently sued the Pennsylvania Railroad Company in the Superior Court of Cook County to recover damages on account of his expulsion from the train of that company.

The Pennsylvania Railroad Company thereupon, May 13, 1882, gave the following notice to the Wabash, St. Louis and Pacific Railway Company:

"W. J. Connell has brought suit against the Pennsylvania Railroad Company in the Superior Court of Cook County, Illinois, February term, 1882, to recover damages from the said company in the sum of $15,000 for an alleged breach of contract for declining to accept from him, December 16, 1880, in payment of passage fare from Philadelphia to New York, a ticket alleged to have been sold to him at Omaha, December 7, 1880, by Frank E. Moores, agent, reading via Wabash, St. Louis and Pacific Railway, Baltimore and Ohio Railroad and Pennsylvania Railroad, Council Bluffs to New York, for O. 145, No. 5. As under the notice given by the Pennsylvania Railroad Company to the Wabash, St. Louis and Pacific Railroad Company, December 2, 1880, the latter had no authority whatever to sell the ticket referred to, the Pennsylvania Railroad Company will look to the Wabash, St. Louis and Pacific Railway Company for reimbursement of any amount the former may be compelled to pay as damages or otherwise in consequence of the sale of such ticket to said Connell as alleged. Having this interest in the suit, your company will probably desire to join the Pennsylvania Railroad Company in conducting the defence, and you are hereby invited to do so."

There was a first and second trial of the action brought by Connell. The second trial resulted in a verdict and judgment in his favor for $15,000. That judgment was affirmed in the appellate court of Illinois. But on appeal to the Supreme Court of Illinois the judgment was reversed. *Pennsylvania Railroad* v. *Connell*, 112 Illinois, 295. Upon the final trial one of the questions passed upon by the jury was whether

the ejectment of Connell from the train was accompanied by
"unjustifiably violent and excessive" force, and whether the
injuries he sustained were wantonly and maliciously inflicted.
There was a verdict and judgment against the Pennsylvania
Railroad Company for $7000. That judgment was affirmed
in the appellate court, and also in the Supreme Court of
Illinois. *Pennsylvania Railroad* v. *Connell*, 127 Illinois, 419.

The amount expended by the Pennsylvania Company in and
about the defence of the action brought by Connell was
$13,328.94.

In a suit brought in the Circuit Court of the United States
for the Northern District of Illinois by the Wabash, St. Louis
and Pacific Railway Company against the Central Trust
Company of New York and others — in which case all the
property and assets of the Wabash Company in Illinois were
in course of administration, and were in the possession of
receivers appointed by that court — the Pennsylvania Rail-
road Company filed intervening petitions and asked an order
directing the receivers to pay the sums reasonably expended by
it in and about the defence of the action brought by Connell.

The case made by the intervening petitions was heard upon
demurrers interposed by the receivers, and the petitions were
dismissed without prejudice at the cost of the petitioner.
From that order the present appeal was prosecuted.

The record does not disclose the specific grounds upon which
the Circuit Court dismissed the appellant's intervening peti-
tions without prejudice.

If the Circuit Court was of opinion that the appellant should
first have obtained a verdict and judgment at law, and, upon
that ground, declined to consider appellant's claim upon its
merits, the judgment should not be reversed if — assuming
all the facts set out in the intervening petitions to be true —
there was no liability upon the part of the Wabash, St. Louis
and Pacific Railway Company for the amount expended by
the Pennsylvania Railroad Company in defending the action
brought by Connell.

We are clearly of opinion that no such liability existed.
The Pennsylvania Company had in its hands a simple rem-

edy for the wrongful sale by the Wabash Company of a ticket over its road from Philadelphia to New York, namely, to refuse to recognize that ticket by whomsoever presented. It applied that remedy; for it declined to accept the coupon tendered by Connell and stood upon its undoubted right to demand money for his fare. As between the two railroad companies, this closed the matter in respect to the unauthorized sale by the Wabash Company of a ticket for passage over the Pennsylvania road. The ejection of Connell by the Pennsylvania Company from the train — particularly if such ejection was accompanied by unnecessary force — was upon its own responsibility, and was not made legally necessary by anything done by the Wabash Company which the other company was bound to recognize or respect. It had no direct connection with the wrong of the Wabash Company in selling a ticket over the road of the Pennsylvania Company.

It results that the court below would not have erred if the intervening petitions had been dismissed upon their merits.

The judgment dismissing them without prejudice is therefore not one of which it can complain, and it is

*Affirmed.*