VAN DUSEN, Respondent, vs. HINZ and another, imp., Appellants.

*October 30 — November 16, 1900.*

**Debtor and creditor: Fraudulent conveyances: Husband and wife.**

Nine years after giving to his wife, for money borrowed from her, a note for $2.300, bearing ten per cent. interest, a husband purchased land for $6,000 and applied the amount due on the note in part payment therefor, furnishing the rest of the purchase price himself. He took the title in his own name, treated the property as his own for seven years, and then, being insolvent, conveyed it to his wife without consideration. He had previously transferred to her other property and money to a considerable amount, and she was assisting him in the effort to keep his property out of the reach of his creditors. On the strength of his ownership of the land he had obtained credit from plaintiff, and the conveyance to the wife was made while plaintiff's action against him on the debt was pending, and was not recorded until the day before the entry of plaintiff's judgment. It was claimed that the land was originally purchased with the understanding that the husband should take the title and convey to the wife at any time she desired it. *Held*, that the conveyance to the wife was properly adjudged void as to creditors. *Martin v. Remington*, 100 Wis. 540, distinguished.

APPEAL from a judgment of the circuit court for Ashland county: FRANK M. FISH, Judge. *Affirmed.*

This is an action to set aside a conveyance made by the defendant *W. F. Hinz* to his wife, *Otillie Hinz,* as fraudulent, and to subject the property to an execution upon a judgment obtained by the plaintiff against said defendant. The evidence and findings show that in 1876 *Hinz* borrowed money of his wife, and in 1878 they had a settlement, when he gave her a note for $2,300, bearing ten per cent. interest. In 1887 he purchased the property in suit for $6,000, and it is claimed and found by the court that the amount due upon this note was applied in part payment, and the balance was furnished by the husband. The title was taken in his name, and so

remained until June 13, 1894, when a conveyance was made
to Mr. Graf, and by him to the defendant *Otillie*. No con-
sideration was paid, and the deed was not recorded until
October 3, 1894,— the day previous to the entry of plaintiff's
judgment against the husband. In the meantime *Hinz* had
treated the property as his own,— paid taxes thereon, rep-
resented to others that he owned it, and, with his wife, exe-
cuted a mortgage thereon to secure his own debt. At the
time of the conveyance to his wife, *Hinz* was hopelessly in-
solvent, and was adopting sundry methods to shift his prop-
erty out of his hands to avoid his liabilities and keep his
property out of the reach of his creditors. Plaintiff's action
was commenced in 1893, and was pending while these various
transactions were being carried on. After the title was con-
veyed to the wife, two mortgages were given on the prop-
erty, which are mentioned in the findings and found to be
held by innocent hands. The trial court held that the con-
veyance to the wife was void, and that the property was
liable to execution, subject to the mortgages mentioned.
The defendant *Hinz* and wife appeal from that portion of
the judgment which injuriously affects their interests.

For the appellants there was a brief by *Lamoreux & Shea*,
and oral argument by *C. A. Lamoreux*.

For the respondent there was a brief by *Geo. H. Single-
ton* and *D. Lloyd Jones*, and oral argument by *Mr. Jones*.

BARDEEN, J. The testimony in this case seems to sustain
the findings of the trial court, and, unless we can say that
there has been some misapplication of legal principles, the
judgment should not be disturbed. It is true that the court
has found that in the year 1876 the defendant *W. F. Hinz*
borrowed $2,000 from his wife, and that in 1878 they set-
tled and he then gave her a note for $2,300; also, that in
the year 1887 he purchased the property in question for
$6,000, and applied thereon the amount due his wife on the

note, he paying the remainder of the purchase price. From this the appellants argue that the case comes clearly within the lines of *Martin v. Remington*, 100 Wis. 540, and the judgment herein cannot stand. That was an extreme case, and the rule stated therein was carried as far as the court is disposed to go. Nevertheless, we think it was correctly decided upon the facts presented, and which we believe are quite distinguishable from the case at bar. In that case the husband took the wife's money and entered into a series of real-estate speculations as her agent, taking the title in his name for convenience. Here the wife loans the money to her husband upon a simple promissory note, which note, by the way, seems never to have been delivered up or surrendered. It is claimed that when the property in question was purchased the understanding was that the husband was to take the title, and deed to the wife at any time she desired it. He held the title for over seven years. During this time he treated the property as his own, with his wife's consent. He mortgaged it to secure his own debt. He paid the taxes. He represented to others that it was his own property and was worth about $150,000. This information was given plaintiff before he purchased the note which was finally put in judgment, upon which this action is based. In other words, its ownership was used as a basis of credit, and, as the circumstances show, with the wife's consent. It was not purchased as the agent of the wife, nor was any assumed trust relation recognized until seven years thereafter, when the husband was insolvent and sought to evade the payment of his debts. In the meantime his wife secures other property, which is sold for $4,500, and she also takes from her husband a claim against the bank he was operating, amounting to $7,000. That she was engaged in an effort to assist her husband in evading his creditors is a fact that finds ample support in the evidence. The attempted revival of a secret trust after the lapse of so many years is

in itself suspicious. If this trust did in fact exist as claimed, the wife put it in the power of the husband to deal with the property as his own, and to obtain a fictitious basis of credit. To permit her to hold the property now would be a fraud upon those who dealt with him on the faith of his apparent ownership. *Hopkins v. Joyce*, 78 Wis. 443. There could hardly be a clearer case of estoppel. The rule is that, on account of the great facilities for fraud growing out of the relations of husband and wife, transactions of the character of those in suit will be closely scrutinized. *Hoxie v. Price*, 31 Wis. 82; *Rozek v. Redzinski*, 87 Wis. 525. It needs no very strict application of that rule to justify the findings and conclusions of the court below.

*By the Court.*— The judgment of the circuit court is affirmed.