## FOURTH NAT. BANK OF MACON, GA., v. WILLINGHAM.

(Circuit Court of Appeals, Fifth Circuit. April 7, 1914.)

No. 2604.

1. APPEAL AND ERROR (§ 854*)—REVIEW—CORRECT DECISION ON INCORRECT REASONING.

An order correct in itself will not be disturbed, although the reasons for it, or the grounds on which it is based, are incorrect.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 3403, 3404, 3408–3424, 3427–3430; Dec. Dig. § 854.*]

2. BANKRUPTCY (§ 345\*)—CHATTEL MORTGAGES (§ 196\*)—VALIDITY—WITH-
HOLDING FROM RECORD.

> Where a chattel mortgage was withheld from record to bolster the
> credit of the mortgagor and for the purpose of defrauding his creditors,
> the mortgage was void, and did not constitute a preferred secured claim
> in favor of the mortgagee after the bankruptcy of the mortgagor.

> [Ed. Note.—For other cases, see Bankruptcy, Cent. Dig. §§ 531, 532, 534,
> 539, 540; Dec. Dig. § 345;\* Chattel Mortgages, Cent. Dig. §§ 429, 438–
> 441; Dec. Dig. § 196.\*]

Appeal from the District Court of the United States for the South-
ern District of Georgia; Wm. B. Sheppard, Judge.

Intervention by the Fourth National Bank of Macon, Ga., against
E. Pringle Willingham, trustee in bankruptcy of the estate of the
Lester-Clark Shoe Company. From a decree denying the petition of
intervention, the intervener appeals. Affirmed.

Geo. S. Jones and Orville A. Park, both of Macon, Ga. (Hardeman,
Jones, Park & Johnston, of Macon, Ga., on the brief), for appellant.

Arthur L. Dasher, Jr., and A. H. Heyward, both of Macon, Ga.
(Max Isaac, of Macon, Ga., on the brief), for appellee.

Before PARDEE and SHELBY, Circuit Judges, and MAXEY, Dis-
trict Judge.

SHELBY, Circuit Judge. The appellant filed in the court below
an intervention, claiming that it held a mortgage for $5,300 on the
stock of merchandise in the store of the bankrupt company. The pur-
pose of the appellant was to establish its mortgage as a secured or
preferred claim against the estate of the bankrupt. The trustee filed
his answer, resisting the proof of the mortgage as a preferred claim
on various grounds, only one of which it is necessary to notice. It
was claimed by the trustee that the mortgage was fraudulent and void
because of an agreement between the parties to it that it should be
withheld from record for the purpose of bolstering the credit of the
mortgagor. The mortgage in question was a renewal of a prior mort-
gage (the latter was never recorded); and, although the renewal
mortgage was executed October 11, 1912, it was not recorded until
January 22, 1913, at 11:45 o'clock in the forenoon of the same day
that the petition in bankruptcy was filed. The evidence—which we
need not quote—was sufficient to sustain the contention of the trus-
tee that the mortgage was withheld from the record to bolster the
credit of the mortgagor, and to sustain the finding of Hon. Alexander
Proudfit, referee in bankruptcy, that the original mortgage "was with-
held from record for the purpose of hindering, delaying, and defraud-
ing the creditors of the said Lester-Clark Shoe Company." On this
and other grounds, the referee ordered that "the claim be disallowed
as a preferred lien, but that the trustee be directed to enter the same
upon his record as an unsecured claim."

[1, 2] On petition for review, the petition was denied by the Dis-
trict Court, and the intervention of the appellant "was denied." The
effect of the court's decree is the affirmance of the order of the ref-
eree. The question before us involves the correctness of the decree.

---

\*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

We are not concerned with the reasons given for making it, referred to at the bar, for if the order is itself correct, it is not to be disturbed, although the reasons for it or the grounds on which it is based are not such as meet approval. It is sufficient to say that we hold that on the facts found by the referee—that the mortgage was withheld from record to bolster the credit of the mortgagor and for the purpose of defrauding the creditors of the mortgagor, the bankrupt company— the mortgage is void and was properly rejected as a preferred claim.

We have had occasion to decide the same question on similar facts, and we then considered the relevant parts of the bankruptcy act (Act July 1, 1898, c. 541, 30 Stat. 544 [U. S. Comp. St. 1901, p. 3418]) and the Georgia statutes.

The decree of the District Court is affirmed on the authority of Clayton v. Exchange Bank, 121 Fed. 630, 57 C. C. A. 656, and In re Duggan, 183 Fed. 405, 106 C. C. A. 51.

Affirmed.