MANDERS v. WILSON et ux.

In re PETERSON et al.

(Circuit Court of Appeals, Ninth Circuit.   September 5, 1916.)

No. 2671.

FRAUDULENT CONVEYANCES ⊚⇒154(4)—WHAT CONSTITUTE—WITHHOLDING OF
CONVEYANCE FROM RECORD.

Where a grantee withheld his conveyance from record for over three
years, during which time the grantor was in open and exclusive possession
of the land, the conveyance being withheld so as not to impair the credit
of the grantor, the conveyance is, as to those extending credit on the
faith of the grantor's apparent ownership, fraudulent; consequently a
complaint by the grantor's trustee in bankruptcy, alleging such facts, is
good against demurrer.

[Ed. Note.—For other cases, see Fraudulent Conveyances, Cent. Dig.
§ 492; Dec. Dig. ⊚⇒154(4).]

Appeal from the District Court of the United States for the First
Division of the Northern District of California; Maurice T. Dooling,
Judge.

Suit by John E. Manders, trustee in bankruptcy, against George H.
Wilson and wife.  From a judgment sustaining a demurrer to the com-
plaint (230 Fed. 536), plaintiff appeals.  Reversed and remanded.

In a suit brought by the appellant, Manders, as trustee in bankruptcy,
against the appellees to set aside a conveyance, the court below sustained a
demurrer for want of equity to the bill of complaint which alleged, in sub-
stance, the following facts: That on October 31, 1914, a petition in bank-
ruptcy was filed against the partnership of Peterson & Wilson, and the in-
dividual partners, and on January 26, 1915, they were adjudged to be bank-
rupt; that on September 27, 1911, and for a long time prior thereto, G.
Hazelton Wilson, one of the bankrupts, was the sole owner of and in the
actual possession of the real property described in the complaint; that on
that date he executed and delivered to the appellees, his father and mother,
a deed to the said property, either in payment of an alleged pre-existing in-
debtedness of $2,000, or as a mortgage to secure that sum; that the deed re-
mained in the possession of the grantees, and unrecorded from September
27, 1911, to October 23, 1914; that during all that period the grantor was
in the open, notorious, and exclusive possession of said real estate, and was
the reputed and apparent owner thereof, and neither of the grantees ever
had possession of the same or was reputed to be the owner thereof; that the
deed was withheld from record by the appellees in order not to impair the
credit of the said bankrupt and the credit of the bankrupt partnership, and
in order to enable the bankrupt partnership to extend its credit upon the re-
puted and apparent ownership of the said real property in the said G.
Hazelton Wilson; that on or about July 6, 1914, the partners and G. Hazel-
ton Wilson falsely and fraudulently represented to the New England Casual-
ty Company that the said partnership was the owner of and in possession
of said real estate through said G. Hazelton Wilson, and that the title was
unincumbered; that, relying solely upon said representations and without
knowledge of their falsity, and without knowledge of the transfer to the ap-
pellees, the corporation extended credit to the bankrupt partnership; and
the complaint set forth the transaction whereby said corporation suffered a
loss of more than $2,500.  The complaint alleged the value of the real estate
to be $2,000, that the claim against the bankrupt partnership was $25,000,
and that the total assets did not exceed $4,000, and the prayer of the bill was
that the said real estate be declared a part and parcel of the estate in bank-
ruptcy.  The court below sustained the demurrer for want of authority un-

der state decisions to avoid a deed not otherwise fraudulent, because of the failure to record it, and because the rule in California is that failure to record a transfer of real property renders such transfer void only as against subsequent purchasers or incumbrances in good faith and for value.

Reuben G. Hunt, of San Francisco, Cal., for appellant.

Harold L. Levin and H. I. Stafford, both of San Francisco, Cal., for appellees.

Before GILBERT, ROSS, and HUNT, Circuit Judges.

GILBERT, Circuit Judge (after stating the facts as above). On the question of law presented upon the appeal, the leading case is Blennerhassett v. Sherman, 105 U. S. 100, 26 L. Ed. 1080. In that case it was held that a mortgage executed by an insolvent mortgagor to a creditor who knows of the insolvency, and who, for the purpose of giving him a fictitious credit, actively conceals the mortgage, and withholds it from record, and represents him as having a large estate and unlimited credit, and thus enables him to contract debts which he cannot pay, is void at common law. In the opinion the court cited Hungerford v. Earle, 2 Vern. 261, where the doctrine was declared that "a deed not at first fraudulent may afterwards become so by being concealed or not pursued, by which means creditors are drawn in to lend their money," and cited many cases in which the doctrine of Hungerford v. Earle was approved. That doctrine has been followed in numerous decisions of the federal courts. In Clayton v. Exchange Bank, 121 Fed. 630, 57 C. C. A. 656, a storekeeper executed mortgages to the bank, covering his entire property. The mortgages were withheld from record, although the storekeeper and the bank president both denied any agreement therefor. The storekeeper in purchasing goods referred to his rating, which he had given to a mercantile agency without mentioning the mortgages. He filed a voluntary petition in bankruptcy, and on the same day the bank recorded the mortgages. The bank president denied that he had reason to suspect the mortgagor's insolvency, but admitted that he knew that the recording of the mortgages would have destroyed his credit, and that the purpose of keeping the mortgages off the record was to prevent impairment of his credit. It was held that the mortgage debts were not entitled to priority in payment over the claims of vendors who subsequently sold goods to the storekeeper. In Davis v. Cassels (D. C.) 220 Fed. 958, conveyances by a husband to his wife were withheld from record and concealed in order to avoid impairing the husband's credit. It was held that they were void as to creditors who gave the husband credit on the faith of his apparent continued ownership. In National Bank of Athens v. Shackelford, 208 Fed. 677, 125 C. C. A. 575, a mortgage given by a bankrupt, although for a valuable consideration and valid as between the parties, but withheld from record by agreement or understanding between them so as not to affect the mortgagor's credit, was set aside at the suit of the trustee. Other cases in point are: Corwine v. Thompson Nat. Bank, 105 Fed. 196, 44 C. C. A. 442; In re Noel (D. C.) 137 Fed. 694; In re Duggan, 183 Fed. 405, 106 C. C. A. 51; Fourth Nat. Bank of Macon v. Willingham, 213 Fed. 219,

129 C. C. A. 563; In re National Boat & Engine Co. (D. C.) 216 Fed. 208; and see Loveland on Bankruptcy (4th Ed.) 921.

It is the doctrine of these decisions that such a conveyance is not made valid by the fact that it is supported by a sufficient consideration; that a conveyance, not at first fraudulent, may thereafter be made so by being concealed, if creditors are thereby induced to give credit to the grantor; that it is unnecessary to allege or prove that the grantor was insolvent at the time of making the conveyance; that it is enough if there was an agreement between the grantor and the grantee, either tacit or expressed, that the conveyance was to be concealed for the purpose of sustaining the grantor's credit, and credit was thereby obtained. The delimitations of the doctrine are carefully marked in Rogers v. Page, 140 Fed. 596, 72 C. C. A. 164, in which Judge Lurton said that "the mere fact that a mortgage has, by negligence, been omitted from registration does not avoid it as between parties," that the mere fact of an agreement to withhold from record "is not of itself such evidence of a fraudulent purpose as to constitute fraud in law," but that it is "a circumstance constituting more or less cogent evidence of the want of good faith, according to the particular situation of the parties and the intent as indicated by all of the facts and circumstances of the particular case." In the case at bar, the complaint alleges more than a mere negligent failure to record, or a mere agreement to withhold from record. It alleges that there was no change of possession of the property, but that it remained in the open and notorious possession of the grantor, that the deed was withheld from record for the purpose of enabling the grantor to obtain credit upon his reputed and apparent ownership, and that such credit was obtained. These allegations, if established, entitle the appellant to the relief which he seeks. We hold that the appellees should be required to answer.

The judgment is reversed, and the cause is remanded for further proceedings.