COOPER GROCERY CO. v. PENLAND.

In re CHRISTIAN BROS.

(Circuit Court of Appeals, Fifth Circuit. December 6, 1917. Rehearing Denied January 24, 1918.)

No. 3074.

1. FRAUDULENT CONVEYANCES ⬳154(4)—WITHHOLDING MORTGAGE FROM RECORD.

Though under Rev. St. Tex. 1911. art. 6824, relative to the recording of deeds and mortgages, the failure to record a mortgage would not affect its validity, and though under most circumstances a mortgage to secure a valid debt cannot be held fraudulent, a mortgage given with the understanding that it would not be recorded lest other creditors take action,

---

⬳For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

and in order that the contracting of new debts might not be interfered with, might be set aside as in fraud of creditors.

2. BANKRUPTCY ☞185—FRAUDULENT TRANSFERS—RIGHTS OF TRUSTEE.

Under Bankruptcy Act July 1, 1898, c. 541, § 70e, 30 Stat. 565 (Comp. St. 1916, § 9654), providing that the trustee may avoid any transfer by the bankrupt which any creditor might have avoided, a mortgage fraudulent as to creditors, in that it was given with the understanding that it would be withheld from record, so as not to affect the bankrupt's credit, might be set aside at the suit of the trustee, and the four months period of limitation had no application.

Appeal from the District Court of the United States for the Western District of Texas; Duval West, Judge.

In the matter of Christian Bros., bankrupts. From a judgment in favor of G. H. Penland, trustee, the Cooper Grocery Company appeals. Affirmed.

W. L. Eason, of Waco, Tex., for appellant.

J. D. Williamson and Sleeper, Boynton & Kendall, all of Waco, Tex., for appellee.

Before WALKER and BATTS, Circuit Judges, and FOSTER, District Judge.

BATTS, Circuit Judge. The Cooper Grocery Company, having a valid debt of about $6,000 against Christian Bros., took from them a mortgage over which the contest arises. At the time the mortgagors, still active in business, were indebted nearly $40,000. Mortgagors becoming bankrupts, mortgagee filed a claim for its debt and set up its mortgage. A contest was filed; it being alleged that mortgagors, fearing the effect upon their creditors and credit, requested, at the time the mortgage was given, that it be not recorded; that the Grocery Company acquiesced, and, as a result of the understanding, did not record the mortgage until about fifteen months after its execution, and about one month prior to the bankruptcy.

[1, 2] The referee and the District Judge found that the understanding, as alleged, existed, and that the instrument was not recorded on account thereof. It was held that the mortgage, executed with this understanding, under the circumstances developed, was to "hinder, delay, and defraud creditors." The issue of fact was determined by the trial judge upon adequate evidence, and his conclusion as to the legal effect is entirely warranted. While under most circumstances a mortgage to secure a valid debt cannot be held fraudulent, when it is given with the understanding that it will not be recorded lest other creditors take action, and in order that the contracting of new debts may not be interfered with, the mortgage may be set aside. The mere failure to record the instrument would not affect its validity, though it might, as to persons protected by article 6824, R. C. S. of Texas, be ineffective. The mortgage in this case being affected by the legal fraud established, may be set aside at the suit of the trustee, under the authority conferred by section 70e of the Bankruptcy Act. The four months period of limitation has no application.

The judgment is affirmed.