H. A. MAINE, Appellee, v. WATERLOO SAVINGS BANK, Appellant, et al., Appellees.

MECHANICS' LIENS: Priority—Mortgage Fraudulently Withheld from Record. An unrecorded mortgage which has been kept from record for the fraudulent purpose of protecting the credit of the mortgagor, is subordinate in right to a mechanics' lien, when the mechanic had no knowledge of such mortgage, and would not have constructed the improvement in question, had he had such knowledge.

*Appeal from Black Hawk District Court.*—H. B. BOIES, Judge.

JUNE 24, 1924.

ACTION to foreclose a mechanics' lien and to establish the same as senior and superior to a deed held by defendant bank, which is, in fact, a mortgage. Decree was rendered as prayed, and the bank appeals.—*Affirmed.*

*Pike, Sias, Zimmerman & Frank,* for appellant.

*Pickett, Swisher & Farwell,* for appellee.

FAVILLE, J.—One Campbell owned an undivided one-fifth interest in a certain property known as the Plaza Theater. On December 28, 1915, Campbell and his wife executed and delivered to appellant bank a warranty deed to said undivided one-fifth interest in said premises. Said deed has never been recorded. The deed was given as security for an indebtedness of some $15,000 which Campbell owed the bank, and which is unpaid. It was, in effect, a mortgage. In 1921, the Plaza Theater was damaged by fire. Appellee repaired the same. It seems that he had an agreement with the several tenants in common that he should look to each for payment of his share of the cost of the repairs. Campbell paid a portion of his share of this indebtedness. The lien in question was filed for the balance due from Campbell, against the one-fifth interest. The last item was furnished on February 18, 1922. On March 28, 1922, Campbell and wife executed to appellant bank a real-estate mortgage on the one-fifth interest of Campbell in the theater property, to secure the same indebtedness that had been secured by the prior unrecorded deed. This mortgage was recorded April 20, 1922. Appellee's mechanics' lien was filed September 14, 1922.

Appellee had no knowledge of the unrecorded deed from Campbell to the bank, at the time he performed the labor for which he claims a lien. He was also ignorant of Campbell's indebtedness to the bank, until the mortgage was recorded, in April, 1922.

Appellee's mechanics' lien was superior to the mortgage of Campbell given to the bank March 28, 1922. Appellant does

not seriously contend otherwise. Code Section 3095 is controlling on that question.

The vital question in the case is whether or not appellee's lien is senior and superior to appellant's unrecorded deed, which was, in fact, a mortgage.

A mechanics' lien holder is not, generally speaking, regarded as a subsequent purchaser of the property, within the meaning of the statute, so that he is entitled to protection against an unrecorded mortgage of which he had no notice. His lien attaches to the real estate, subject to outstanding equities or incumbrances, whether he has notice of them or not. *Fletcher v. Kelly,* 88 Iowa 475.

Appellant's deed would prevail as against appellee's mechanics' lien if there were nothing more in the case than the mere fact that the deed was unrecorded, and that appellee had no notice thereof. Appellee, however, alleges that appellant's deed was withheld from record by appellant for the fraudulent purpose of giving the debtor a false credit.

The evidence to sustain this allegation of appellee's is wholly from the debtor, Campbell. He testified that the business was conducted with one Logan, an officer of the bank. He testified that Logan told him that the deed would not have to be put on record, as it would be a detriment to his financial affairs to do so; that the understanding was that the deed should not be recorded; that something was said at the time, to the effect that the recording of the deed would tend to injure his credit.

On cross-examination, Campbell said that, at the time of the execution of the deed, he had no intention to defraud anyone by the transaction.

This evidence regarding the withholding of the deed comes from the debtor, and stands undisputed in the record. His denial of a fraudulent intent on his part is scarcely sufficient to overcome his testimony regarding the agreement to withhold the deed from record in order not to injuriously affect his credit. No other reason appears for withholding the deed from record than the one testified to by Campbell.

Under such circumstances, where the instrument has been withheld for such a purpose and under such an agreement, it

is the general rule that it cannot be asserted against the rights of a creditor who, without knowledge of the outstanding incumbrance, has extended credit on the faith of the apparently unincumbered ownership· in the debtor. We have recognized such rule in chattel-mortgage cases. *Goll & Frank Co. v. Miller,* 87 Iowa 426; *Richards v. Jewett Bros. & Co.,* 118 Iowa 629.

In the case of *In re Assignment of Lemert,* 91 Iowa 345, we expressly reserved the question from determination as to whether or not the rule would apply in a case involving real estate.

In the case at bar, there was not only a failure to record the deed and an agreement to withhold the same from record for the purpose of protecting the debtor's credit, but also the fact that there was no change in possession; that credit was obtained on the strength of the apparently unincumbered ownership; and in addition, the fact that appellant, through its officer, knew of the work done by appellee at the time, and failed to disclose the fact of the outstanding incumbrance which the bank held, and the fact of the debtor's subsequent insolvency. Under such circumstances, the deed is fraudulent and void as against the rights of the subsequent lien holder. *Stock Growers' Bank v. Newton,* 13 Col. 245; *Blennerhassett v. Sherman,* 105 U. S. 100; *State Sav. Bank of St. Joseph v. Buck,* 123 Mo. 141, 156; *Hilliard v. Cagle,* 46 Miss. 309; *Lyon v. Plankington Bank,* 15 S. D. 400; *Blackman v. Preston Bros.,* 123 Ill. 381; *Van Dusen v. Hinz,* 108 Wis. 178; *Curtis v. Lewis,* 74 Conn. 367 (50 Atl. 878); *Manders v. Wilson,* 235 Fed. 878; *Bunch v. Schaer,* 66 Ark. 98.

The fact that appellee did not examine the records and ascertain the state of Campbell's title to the premises before doing the work, does not alone defeat his right to have his lien established as paramount to appellant's deed, where the deed was withheld by agreement, for the fraudulent purpose of protecting the debtor's credit, and where it appears, as in this case, that appellee would not have become the creditor of the debtor, had he known of the outstanding incumbrance.

Furthermore, we are of the opinion that the evidence in the case establishes appellee's claim that appellant is estopped to assert its deed against appellee by the act of one of·its of-

ficers in connection with the employment of appellee to make the repairs in question on the property, after it had been injured by fire.

Upon the whole record, we are satisfied with the conclusion reached by the trial court, and the decree appealed from is—*Affirmed.*

ARTHUR, C. J., EVANS and PRESTON, JJ., concur.