## CAPITAL APARTMENT CORPORATION v. VASSOS.

### No. 5591.

Court of Appeals of the District of Columbia.

Argued Dec. 7, 1933.

Decided May 1, 1933.

GRONER, Associate Justice, dissenting.

Chas. W. Clagett and Karl Kindleberger, both of Washington, D. C., for plaintiff in error.

Ralph A. Cusick, of Washington, D. C., for defendant in error.

Before MARTIN, Chief Justice, and ROBB, VAN ORSDEL, HITZ, and GRONER, Associate Justices.

HITZ, Associate Justice.

This case comes here by writ of error to the municipal court of the District of Colum-bia to recover possession of a storeroom occupied by defendant in error as a delicatessen establishment at the Colonial Hotel in Washington.

The suit was brought under a provision of the Code giving a summary remedy in that court to a purchaser at a foreclosure sale as against a lessee of the mortgagor holding over, whereby prompt possession may be obtained in a proper case, but, if the plaintiff "fails to prove his right to the possession, the defendant shall have judgment and execution for his costs." Code D. C. title 18, §§ 225, 227.

The case was tried without a jury; at the conclusion of the evidence, the plaintiff moved for a finding of fact in its favor, and for judgment.

This prayer and motion were denied, and judgment given for the defendant, which is assigned as error here.

The trial court filed no opinion and gave no reason for its judgment.

■ But the bill of exceptions gives the evidence upon which the court acted, which shows a deed of trust from Maddux, Marshall, Moss & Mallory, Inc., a Delaware corporation, conveying the hotel property to Williams and Moss, trustees, to secure a debt, dated October 29, 1926, and recorded November 3, 1926; and a lease from the Colonial, Inc., of Washington, D. C., a Delaware corporation, by Ford, president, to Vassos, the defendant herein, dated February 11, 1929, recorded July 2, 1929, and running for five years commencing March 1, 1929, demising the premises here in dispute; and a deed from Williams and Moss as trustees dated January 29, 1930, recorded January 31, 1930, conveying the whole property to the Capital Apartment House Corporation, a Maryland corporation, and plaintiff herein, as purchaser at a foreclosure sale made for a default under the foregoing deed of trust.

Williams, one of the trustees under the deed of trust, as a witness for the plaintiff, proved the deeds, and testified that from the time of the foreclosure he had been president of complainant corporation, and since that time the former owner had no interest in the property.

On cross-examination he said that, when the trust was executed, he was employed by Maddux, Marshall, Moss & Mallory, then supposed to own the property, but he did not know which corporation owned it; that he was a trustee under the deed of trust, and executed the trustees' deed upon request,

but did not remember who made the request, nor any details of the foreclosure sale, nor where it took place, nor the price obtained; and that he received no commission upon the sale. When asked if there were records to show the transaction, he said there were, but he did not bring them to court, and it would be impossible for him to obtain them.

The treasurer of the plaintiff company testified that, after the purchase at auction, the company continued Ford as manager of the property, but that the former owner had no interest in the property thereafter.

On cross-examination he testified that Ford had full authority in connection with the property, being only required to render monthly accounts and to pay over whatever profits accrued. The treasurer knew no details of the sale, either where it was held or how much it brought, and could produce no records called for by a subpœna duces tecum.

The only other witness called by the plaintiff was the manager, Ford, who testified that both before and after the alleged sale he was the manager of the hotel property, with wide powers; that he had signed for the Colonial, Incorporated, the defendant's five-year lease; collected the rent and transacted all business with defendant during his occupation of the store, for nearly a year before the sale and more than a year thereafter before the defendant was asked to quit; that he never advised Vassos of the alleged foreclosure and sale, but did tell Vassos what increased rents were payable under the lease, which he accepted; that he gave Vassos the impression that the lease was continuing, and that Vassos thought he still had a lease while Ford knew he had lost it under the foreclosure; and that Vassos was a good tenant, maintaining the terms of the lease and making improvements to the property at his own expense.

Neither the auctioneer nor the second trustee was called to testify by the plaintiff.

The defendant proved his lease, and further testified that at all times he dealt only with Ford; that he knew nothing of the alleged foreclosure and sale until he was notified to quit more than a year thereafter; that, as provided by his lease, he paid increased rent beginning with his second year, which was after the alleged sale.

From this evidence it is clear that the alleged change of ownership brought no change of occupancy or management to the hotel property; that Ford, who made the lease on behalf of the company then in occupation, continued in control after its alleged ouster. Of the two witnesses called to prove the sale, neither could give any details or produce any accounts thereof, although one was a trustee conducting the sale and president of the purchasing corporation, while the other was treasurer thereof.

The second trustee who conducted the alleged sale and the auctioneer who cried it were not called to testify.

For a year after the alleged sale Ford collected rent under the increasing terms of the lease, deliberately leading the lessee to believe that the lease was still in effect, though at the trial he stated his own contrary belief.

In this state of case we are of opinion that the trial judge might well conclude in the language of the statute that the plaintiff "fails to prove his right of possession," and consequently that the judgment should go for the defendant.

■ And, where a trial court renders no reason for its decision, if the record reveals a ground on which the judgment can properly rest, it is the duty of the appellate court to affirm the judgment. Pennsylvania Railroad Co. v. Wabash St. L. & P. R. Co., 157 U. S. 225, 15 S. Ct. 576, 39 L. Ed. 682; Fourth National Bank v. Willingham (C. C. A.) 213 F. 219; Evans v. Suess Ornamental Glass Company (C. C. A.) 83 F. 706; Lewis-Hall Iron Works v. Blair, 57 App. D. C. 366, 23 F.(2d) 972; Howes v. District of Columbia, 2 App. D. C. 190.

■ And, as the trial court sat without a jury, and was thus required to weigh the evidence and decide the facts as well as the law, its decision thereon, after both hearing and seeing the witnesses, should not be disturbed by an appellate court which does neither, unless the judgment is manifestly wrong. Lawson v. U. S. Mining Co., 207 U. S. 12, 28 S. Ct. 15, 52 L. Ed. 65; Butte & S. Copper Co. v. Clark-Montana Realty Co., 249 U. S. 12, 39 S. Ct. 231, 63 L. Ed. 447; Shelley v. Wescott, 23 App. D. C. 140; McLarren v. McLarren, 45 App. D. C. 238, 1 A. L. R. 1412; Ellison v. Splain, 49 App. D. C. 101, 261 F. 247; Castleman v. Avignone, 56 App. D. C. 253, 12 F.(2d) 326.

We find no error in the record, and the judgment is therefore affirmed.

Affirmed.

GRONER, Associate Justice, dissents.