810

## In re GILL.

## FIRST NAT. BANK OF HUNTSVILLE et al. v. FORD.

### No. 8514.

Circuit Court of Appeals, Fifth Circuit.

Nov. 17, 1937.

Addison White, Clarence L. Watts, Douglass Taylor, and Schuyler H. Richardson, all of Huntsville, Ala., for appellant.

Geo. P. Cooper, of Huntsville, Ala., for appellee.

Before SIBLEY, HUTCHESON, and HOLMES, Circuit Judges.

HOLMES, Circuit Judge.

This appeal is from an order sustaining the referee in bankruptcy in the disallowance of appellant's claim of priority against the estate of Eugene R. Gill, bankrupt, but allowing it as a common claim; and ordering the sale of the property on which appellant asserted a lien, and the distribution of the proceeds to common creditors.

Eugene R. Gill was adjudicated a bankrupt on April 25, 1936. The mortgage in question bears date April 18, 1930, and was filed for record January 4, 1936. On May 22, 1936, appellant filed its claim as a secured creditor and attached thereto a statement of the indebtedness and the evidence thereof, together with the mortgage. The trustee objected to the allowance of the claim as a secured one, and the matter was set down for hearing before the referee. The hearing was held, and resulted in the order, the affirmance of which resulted in this appeal.

On the hearing it appeared that, prior to giving the mortgage in 1930, the bankrupt was heavily indebted to appellant, as well as other creditors; that a director of appellant approached him with a request for the mortgage, saying that the bank examiners had taken exceptions to the loans to the bankrupt; and that, unless the security of the mortgage could be given, the credit of the bank would be seriously impaired. The bankrupt became offended, and said that he was then solvent, but that the giving of such a mortgage and the subsequent recording thereof would destroy his credit and precipitate his bankruptcy. Thereafter, the president of appellant, who was the uncle of bankrupt's wife and had his full confidence, approached him in an effort to obtain the mortgage. The bankrupt persisted in his previous objections, but consented to execute the mortgage in favor of appellant and deliver it into the hands of his wife's uncle on assurance from him that it would not be placed of record by the bank, but that, if recording became necessary, the unrecorded document would be returned to the bankrupt.

The foregoing facts are not contradicted, nor is it denied that the mortgage passed into the hands of the bank and was frequently discussed by its directors without their being informed as to the manner in

which it was obtained. It is claimed that the mortgage was withheld from the record in the interest of the bank rather than for the benefit of the bankrupt, but that is a matter as to which reasonable minds might differ. Without regard to what the directors knew, either individually or as a board, the bank, as a corporate entity, had knowledge of the agreement to withhold the mortgage from the record so as to avoid destroying the bankrupt's credit, because the knowledge of the president, acquired while acting for the bank within the scope of his authority, was imputed to the bank. There is no claim that the president was acting against the interest of the bank in securing the mortgage and making the agreement.

■ It is well settled that, where a mortgage is withheld from record under an agreement between the mortgagee and the bankrupt, in order that the bankrupt may obtain credit which otherwise would not be available, the mortgage is rendered fraudulent and void, not only as to subsequent creditors, but as to all those interested in the bankrupt's estate. In re Duggan (C.C. A.) 183 F. 405; Fourth National Bank of Macon v. Willingham (C.C.A.) 213 F. 219; Cooper Grocery Co. v. Penland (C.C.A.) 247 F. 480.

■ Appellant cannot be heard to say that, since the agreement to withhold was not brought to the attention of the directors, it was not its agreement. The mortgage was obtained by its president on the agreement, without which it would not have been given. Appellant is estopped to repudiate the agreement not to record and at the same time to claim the benefit of the mortgage obtained pursuant to that agreement. Actions speak louder than words, and, in ascertaining what the parties intended, it is permissible to look to what the parties did, as well as what they said. The giving of this mortgage, followed by withholding it from record, naturally and probably operated to hinder, delay, and defraud the bankrupt's creditors. Subsequent facts have proven that it actually had that effect. Parties are presumed to intend the natural and probable consequences of their own acts. The District Court found that the mortgage was given and withheld from record for the purpose of hindering, delaying, and defrauding creditors of the bankrupt. We see no reason to disturb this finding.

The order of the District Court is affirmed.