## FLISS et al. v. RELIABLE CONSTRUCTION & REALTY CO., Inc.

### No. 24.

Municipal Court of Appeals for the District of Columbia.

Feb. 12, 1943.

Reuben Bonnett and Harry Bonnett, both of Washington, D. C., for appellants.

David L. Blanken, of Washington, D. C., for appellee.

Before RICHARDSON, Chief Judge, and CAYTON and HOOD, Associate Judges.

---

**CAYTON, Associate Judge.**

Plaintiffs sued in the trial court to recover $225 representing the estimated cost of repairing the basement of a home they had purchased from defendant. Their claim was that the basement had become flooded due to defective construction and failure to waterproof the walls. The substance of the testimony was that plaintiffs had bought the home sometime in December, 1940 and had occupied it in the early part of January, 1941; that after living there about a month and a half the basement became flooded as the result of a rain storm and that this happened on various subsequent occasions. This was new property built by defendant and had not been previously occupied. Plaintiffs claimed that the president of the defendant company visited the premises and promised "to take care of the matter". This was denied by the defendant. It was not disputed that the cellar was damp. Nor on the other hand was it disputed that soon after the plaintiffs moved into the house the District of Columbia raised the grade of the alley adjoining the house and that this caused an increased flow of water toward the basement of the house. Defendant also offered evidence which was not controverted that the accelerated flow of water from the new and higher grade of the alley could not find its way through the sewer drain in the areaway because the sewer drain had been permitted to become clogged with leaves and dirt. The trial judge made a general finding for defendant. Plaintiffs appeal and assign two errors: (1) That the ruling was contrary to and unsupported by the weight of the evidence and (2) that the finding was contrary to law. The first of these we cannot consider because it is no part of our function to inquire into weight of evidence. That is peculiarly the function of the trial court. Being necessarily coupled with the question whether the burden of proof has been carried it is not reviewable by us.[1]

 Concerning the other ground of appeal there is almost as little doubt.

Plaintiffs, having the burden of proof, were required to establish that there was actually a defect in the construction; that such defect was in fact the cause of the dampness in the cellar and that the damage resulting was chargeable to the defendant. The most that can be gleaned from the record is that on the essential elements of the case there was a sharp conflict in the evidence. The evidence indicated that plaintiffs' damage may have been caused by a defect in construction, or by the new and seemingly unexpected raising of the grade of the alley by the District of Columbia, or by plaintiffs' own failure to keep the sewer drain free of obstructions, or by some other cause. With a record of this kind before us we cannot say that the finding below was wrong. As was said by Justice Taft (then a judge of the Circuit Court): "When a plaintiff produces evidence that is consistent with an hypothesis that the defendant is not negligent, and also with one that he is, his proof tends to establish neither."[2]

Appellants rely principally on Kellogg Bridge Co. v. Hamilton, 110 U.S. 108, 3 S. Ct. 537, 28 L.Ed. 86, and Callaghan v. Stone, D. C. Municipal Court No. 403,858.[3] We have examined those decisions and are satisfied that they are not applicable here. In the Kellogg case there was an express finding of defective construction, and the Supreme Court upheld plaintiff's contention that the doctrine of implied warranty applied. In Callaghan v. Stone there was a specific finding that a drain pipe had been laid in such a way that sewage drained toward rather than away from the house, in direct violation of the District plumbing regulations.

As before stated, plaintiffs made no such showing in this case. The effect of their own evidence was dubious at best and on every essential point there was substantial contradiction by defendant. For the reasons stated, we cannot say that the finding was wrong and it must therefore be

Affirmed.

---

[1] Capital Apt. Corp. v. Vassos, 62 App. D.C. 136, 65 F.2d 482, and cases cited.

[2] Ewing v. Goode, C.C., 78 F. 442, 444. Cited with approval in Gunning v. Cooley, 281 U.S. 90, 50 S.Ct. 231, 74 L.Ed. 720.

[3] In this case a memorandum opinion was filed by the writer of this opinion who was then a member of the trial court.