**AMERICAN HEATING ENGINEERING CO., Inc., v. KENNEDY-CHAMBERLIN DEVELOPMENT CO.**

No. 63.

Municipal Court of Appeals for the District of Columbia.

May 11, 1943.

Leon M. Shinberg, of Washington, D. C. (Bernard Margolius and Philip Shinberg, both of Washington, D. C., on the brief), for appellant.

James C. Wilkes, of Washington, D. C. (Walter R. Schoenberg, of Washington, D. C., on the brief), for appellee.

Before RICHARDSON, Chief Judge, and CAYTON and HOOD, Associate Judges.

CAYTON, Associate Judge.

Appeal by plaintiff from a judgment entered against it on defendant's counter claim for $485.98. Defendant was the general contractor in the construction of a home in Kenwood, Maryland. Plaintiff was the sub-contractor engaged to furnish the heating equipment. It was part of defendant's responsibility to construct the chimney and flue for the home. It was plaintiff's responsibility to furnish and install the pipe leading into the flue and to properly close it. After the house was occupied and the heating plant put into operation, it was found that a sooty substance was escaping into the house, causing damage. Each party claimed the work of the other had caused the damage.

In announcing his finding, the trial judge filed a memorandum opinion. He also filed a memorandum in connection with his ruling denying a new trial. Those two memoranda, supplemented by a short statement of proceedings and evidence, fully reveal what transpired at the trial. These we have examined with care in the light of the two grounds for reversal urged by appellant. They are:

1. Alleged error of the trial judge in failing to find that defendant's negligent construction of the chimney contributed to or concurred in causing the damage.

There was rather full testimony by both sides detailing the method of construction of the chimney by defendant, including the brick work and flue lining; as well as plaintiff's method of installing the pipe leading into the chimney proper and the cause or causes of the escape of the sooty

---

[8] People v. Yergan, 164 Misc. 83, 299 N.Y.S. 248.

substance referred to. On this point the trial judge found:

"The only conclusive testimony was that the sooty condition existed at one time and that after the chimney (should read: pipe) installation was corrected by the defendant such sooty condition was remedied. At the time of the trial I did not, and now do not, believe that I should guess as to the construction of the chimney itself. * * *

"Both sides introduced evidence as to tests made after the chimney had been completed, after the heating equipment had been installed, and as to tests made before the fault complained of had been remedied, and after it had been remedied. I took all of this evidence into account in making my findings. In consequence, and after considering all the evidence, I found that the connection between the heating plant and the chimney flue had not been constructed in a workmanlike manner and that such construction by the plaintiff was the proximate cause of introducing the sooty condition into the premises."

Looking to the record, we are satisfied that this finding not only was not "plainly wrong", which would be necessary to justify a reversal,[1] but was clearly supported by substantial evidence. That being so, we see no basis for reversal on the ground assigned since it concerns mere weight of evidence.[2]

2. Appellant contends that there was error in admitting evidence as to custom and usage relative to the construction of the chimney. On this point the trial judge stated that he made his finding, not upon the basis of the customary manner of installing such chimneys, "but upon the evidence introduced by both parties as to what actually happened in connection with this particular chimney."

It seems clear that the evidence of custom and usage was not received for the purpose of altering the intent of the parties as expressed in their contract but to establish whether the contract had in fact been complied with. We think this evidence was proper as tending to explain the nature and extent of the performance by both parties, that it worked no prejudice to appellant and was properly considered and applied by the trial judge in connection with the other evidence in the case.

Affirmed.

---

[1] Public Law 512—77th Congress.

[2] Capital Apt. Corp. v. Vassos, 62 App. D.C. 136, 65 F.2d 482; Fliss v. Reliable Construction and Realty Co., Inc., D.C. Mun.App., 31 A.2d 655; Brooks v. Dist. of Col., D.C.Mun.App., 31 A.2d 657.