Marjorie Nardon SUYDAM, Individually and as Guardian, etc., et al., Appellants,

v.

Jane E. SUYDAM, Appellee.

No. 21608.

United States Court of Appeals District of Columbia Circuit.

Argued May 20, 1968.

Decided Oct. 16, 1968.

Mr. John E. Powell, Washington, D. C., with whom Messrs. John M. Lynham and Henry H. Paige, Washington, D. C., were on the brief, for appellants.

Mr. Robert V. Schnabel, Washington, D. C., for appellee.

Before BASTIAN, Senior Circuit Judge, and TAMM and LEVENTHAL, Circuit Judges.

PER CURIAM:

This appeal from a judgment granted in the United States District Court for the District of Columbia is a companion case to Suydam v. United States and Suydam, D.C.Cir., 404 F.2d 1329 decided this date. The facts are not in dispute, and we reiterate as many as are necessary for this particular decision.

Appellant, Marjorie Nardon Suydam, and Henry West Suydam, Jr. (the decedent) were married on May 26, 1949. During the course of their marriage they had four children. On September 5, 1964, appellant and decedent, both represented by counsel entered into a property settlement agreement which, *inter alia*, provided that decedent was to pay, for maintenance and support, One Hundred Seventy-five Dollars ($175.00) per child per month until each child either became twenty-one (21) or should marry or die prior to attaining that age. Furthermore, the agreement provided in relevant part, as follows:

10. PROVISION FOR SUPPORT OF CHILDREN IF PARTY OF FIRST PART SHALL DIE

In contemplation of the possibility that the party of the first part may die before all or any of said children shall reach the age of 21 years, the party of the first part does hereby promise and agree to provide by will, and in the event of his failure to so do, or by any adverse construction of his Last Will and Testament, does hereby bind his estate, his heirs, executors and personal representatives, to pay out of his estate to the party of the second part, the sum of One Hundred and Seventy-five Dollars ($175.00) per month per child then living and unmarried under twenty-one (21) years of age, until each such child shall respectively reach the age of twenty-one (21) years or marry. This provision shall be and become of precedence over any other provisions of the will of the party of the first part and such payments shall be made from the corpus of the estate of the party of the first part if income and earnings are not sufficient therefor.

On November 6, 1964, appellant and decedent were divorced in Florida. The divorce decree awarded custody of the children to appellant and expressly incorporated by reference the property settlement agreements. Shortly thereafter decedent and appellee Jane E. Suydam were married. Decedent and his second wife had no children.

On December 3, 1966, Henry W. Suydam, Jr., died in Miami, Florida. Under the terms of his will, decedent attempted to appoint to his children in trust the corpus of a substantial fund established by decedent's mother. The appointment

was ineffective, however, because, under the terms of decedent's mother's will, the principal was already payable to his children, and they have, in fact, received this property. There were no other testamentary provisions for his children in decedent's will.

As there were assets in the District of Columbia, on December 21, 1966, appellant petitioned the District Court to have herself appointed collector of decedent's estate. Neither appellee, decedent's widow, nor the executor nominated in decedent's will received notice of appellant's appointment as collector. At the same time, appellant was appointed guardian of the estates of her four children. Appellant and her children reside in Maryland.

Pursuant to the terms of the property settlement agreement, appellant was authorized by the District Court to pay to herself Seven Hundred Dollars per month, commencing January 1, 1967. These payments were effectuated through April of 1967. Thereafter, the payments were made each month through September of 1967 by appellee, who had previously been appointed administratrix, c. t. a., of decedent's estate in Florida and who, on April 24, 1967, was granted, over appellant's objection, ancillary letters of administration, c. t. a., by the District Court here, sitting as a probate court.

Then, on August 30, 1967, the appellee, as ancillary administratrix, c. t. a., filed in the District Court a "Motion To Transfer Funds to Domiciliary Administratrix and Close Ancillary Administration". A few days before the hearing on this motion, appellant in the District Court filed Civil Action No. 2650–67, asserting a claim against the decedent's estate for a lump sum of money to cover the estate's obligation for support and maintenance of the children. Appellant has also probated a claim for certain special schooling required by one of the children. In addition, appellant has filed suit in Florida asserting claims to the proceeds of decedent's life insurance policies.

Subsequently, the District Court, on November 15, 1967, in the same memorandum which granted a summary judgment in favor of appellee in the companion case, granted appellee's motion to close ancillary administration here and to transfer the decedent's remaining assets from the District of Columbia to Florida, where domiciliary administration is being held. This appeal followed.

The question presented for our determination is whether the District Court may, in the absence of locally domiciled creditors, close ancillary administration, notwithstanding a non-resident's claim presented locally. We answer affirmatively.

The guiding authority for our decision is Sackett, Chapman, Brown & Cross v. Osgood, 80 U.S.App.D.C. 99, 149 F.2d 825 (1945). In that case, at page 826, our predecessors on this court stated, "Since here there are no locally domiciled creditors, the probate court might, in its discretion, have ordered the funds in the hands of its administrator to be transmitted to the domiciliary administrator, even though some creditors from other States have presented their claims locally." The Restatement, Conflict of Laws, § 496 was cited. That section states, "Where there are no locally domiciled creditors, a court in which ancillary proceedings are pending may, in its discretion, order that the funds in the hands of its administrator be transmitted to the domiciliary administrator even though creditors from other states have presented their claims locally."

Appellant nonetheless argues that the district court had a duty to take cognizance of her claim and forbid transfer of the funds from the ancillary to the domiciliary proceedings. In support of her argument, appellant cites Duehay v. Acacia Mutual Life Ins. Co., 70 App.D. C. 245, 105 F.2d 768 (1939). A careful reading of the Duehay case impels us to the conclusion that it is not helpful to appellant's position. Duehay does not focus on the alleged duty of the probate court to continue ancillary proceedings

for the benefit of a non-resident claimant, where there are no local residents asserting claims; rather, the case is concerned with the rights and priorities of non-resident creditors to share with local creditors in ancillary administration in the District of Columbia. To the extent that there is language in *Duehay* interpreting section 191 of the D.C.Code, now § 20–1329 (1967 ed.),[1] to mean that the claims of all creditors shall be settled in the process of ancillary administration, that language was expressly overruled in the *Sackett* case, *supra*.[2]

 Appellant asserts that she is a local creditor because of her appointment, in the District Court, as guardian of the estates of her four minor children. However, the reasoning of Lehmer v. Hardy, 54 App.D.C. 51, 294 F. 407 (1923) indicates that this assertion is incorrect. The local appointment of a guardian of a non-resident minor's estate, on the basis that the property's situs is in the District of Columbia, does not change the domicile of the minor. Such appointment, in and of itself, does not make the non-resident a local creditor.

 Finally, appellant argues that the District Court judge did not purport to exercise discretion in granting appellee's motion, presumably because he gave no reasons therefor. This argument is patently wide of the mark. After a full evidentiary hearing on the motion, the court's very act of granting the motion was an exercise of discretion. No supporting reasons are necessary where the

record reveals grounds therefor. Capital Apartment Corp. v. Vassos, 62 App. D.C. 136, 65 F.2d 482 (1933). And, we may add, upon the authority of the *Sackett* case, *supra*, and in the light of the record before us, the District Court's discretion was properly exercised.

Of course, we express no opinion as to the merits of appellant's other claims pending here and in Florida.

Affirmed.

---

1. "On the death of a person not domiciled in the District of Columbia at the time of his death so much of his real and personal estate in the District of Columbia as may be necessary for the payment and discharge of just claims against him of creditors and persons domiciled in the District of Columbia are also the subject of administration under authority and direction of the Probate Court, irrespective of the personal estate of the decedent at his place of domicile or elsewhere."

2. "But Section 18–501 [now § 20–1329 quoted in footnote 1, *supra*] is by its

terms a statute for the protection of local creditors of a non-resident decedent having an estate in the District of Columbia, and is intended to provide such local creditors a means of enforcing payment through administration in the District Probate Court. Language to the contrary which we used in Duehay v. Acacia Mutual Life Ins. Co. was unnecessary for decision in that case and is overruled. Here, as there are no creditors or persons domiciled in the District holding claims, the section has no applicability." [149 F.2d at 826.]